Leverich v. The State.

Filed Jan. 29, 1886.

---

No. 12,808.

## LEVERICH v. THE STATE.

CRIMINAL LAW.—*Bill of Exceptions.*—*Instructions.*—*Practice.*— All exceptions in criminal causes, not saved by the entry of the clerk as ǎ part of the proceedings in court, must be embraced in a bill of exceptions. Sections 1845–1849, R. S. 1881. This rule applies to instructions.

SAME.—*Intent to Murder.*—*Threats.*—*Evidence.*—In a prosecution for assault. and battery with intent to murder, after evidence that the prosecuting witness attacked the defendant has been introduced, proof of previous. threats by the former, although never communicated to the latter, is admissible on the ground that such threats may illustrate the character of the attack.

SAME.—*Newly Discovered Evidence.*—*New Trial.*—In such case, evidence of threats made by the prosecuting witness against the defendant, discovered after the trial, is cause for a new trial.

From the Grant Circuit Court.

*A. Steele, R. T. St. John, J. A. Kersey* and *L. D. Baldwin,* for appellant.

*F. T. Hord,* Attorney General, *S. W. Cantwell,* Prosecuting, Attorney, and *W. B. Hord,* for the State.

NIBLACK, C. J.—Upon an indictment for an assault and

battery with intent to murder one Sidney Dillman, Stephen Leverich, the appellant, was found guilty of an assault and battery with intent to commit manslaughter, and sentenced to pay a nominal fine and to be imprisoned in the State's prison for the term of two years.

Questions are first made here upon some of the instructions given by the circuit court to the jury. But the instructions complained of are not embraced in a bill of exceptions; they are only copied into the transcript by the clerk as a part of the proceedings at the trial, with an entry on the margin of each in these words: " Given and excepted to by the defendant. Nov. 24th, 1885. Steele & St. John, for def't."

It is objected on behalf of the State, that these instructions are not in the record in such a form as to present any question upon them here. Section 535, R. S. 1881, provides a summary method for reserving an exception to the giving, or the refusal to give, an instruction, without embodying it in a bill of exceptions. But, in the first place, the memorandum of exception therein provided for. must be signed by the judge, and not by the attorney of the. party excepting, as formerly. In the next place, the section in question has relation only to proceedings in civil causes. By a reference to sections 1845, 1846, 1847, 1848 and 1849, of the last revision of the statutes, it will be observed that all exceptions in criminal causes, not saved by the entry of the clerk as a part of the proceedings in court, must be embraced in a bill of exceptions. There is, consequently, no question before us upon the instructions copied into the transcript as herein above stated.

There was evidence tending to show that the appellant and Dillman, the prosecuting witness, were brothers-in-law, and that, notwithstanding some occasional differences, they were generally on what seemed to be friendly terms ; that Dillman was a blacksmith ; that the appellant was the owner of a buggy and a pair of mules ; that on Sunday morning, the 7th day of June, 1885, the appellant hitched his mules to his buggy, and, taking one Doyle into the buggy with him, started

to attend a basket meeting somewhere in Grant county; that he stopped on his way at Dillman's blacksmith shop and invited the latter to accompany him to the basket meeting; that Dillman having accepted the invitation, and the appellant seeing in his hand a piece of Babbitt-metal, weighing, perhaps, a pound or more, told him to put the metal in his pocket, as one Davis had threatened to attack him, Dillman, whenever he should see him; that Dillman thereupon put the metal in his pocket and got into the buggy with the appellant and Doyle; that the appellant, being the driver of the team, started thence in the direction of the basket meeting, but afterwards, with the consent of those accompanying him, turned and drove to the town of Marion, where the entire party remained until rather late in the afternoon; that upon their return from Marion a discussion arose between the appellant and Dillman as to whether the former should take the latter back to his home, or drop him at some other point in the neighborhood; that Dillman, becoming suddenly and seemingly angry, jumped out of the buggy, and, taking the Babbitt-metal from his pocket, threw it at the appellant and hit him with such force as to cut through his hat and into the flesh on one side of his forehead; that the appellant, after recovering from the first stunning effect of the blow, also jumped from his buggy, and, drawing a rather large-sized knife, stabbed Dillman in the breast, inflicting a painful and injurious, but not fatal, wound. The appellant's claim at the trial was that in thus wounding Dillman he acted only in self-defence.

After the return of the verdict the appellant moved for a new trial upon the ground, amongst other things, of newly discovered evidence. This newly discovered evidence consisted in part of alleged threats by Dillman against the appellant's life, made prior to the collision between them which resulted in this prosecution, in support of which motion affidavits were duly filed.

It is insisted on behalf of the State that the alleged newly

discovered evidence could only be used upon another trial for the purpose of impeaching Dillman, and that, as a new trial will not ordinarily be granted for newly discovered evidence of a merely impeaching character, the circuit court did not err in refusing to grant a new trial to let in proof of the alleged threats made by Dillman. *Evans* v. *State*, 67 Ind. 68.

When, however, threats may be proven in a case like this they are admissible as independent facts tending to throw light upon the transaction, and hence neither necessarily nor ordinarily as mere impeaching evidence.

Wharton on Criminal Evidence, at section 757, thus comments upon the admissibility of threats made by deceased or the prosecuting witness: " Can evidence to the effect that the deceased, prior to a homicide, threatened the defendant's life, be received; and if so, is it a prerequisite to the proof of such threats that they should be shown to have been communicated to the defendant? Certainly, if such evidence is offered to prove that the defendant had a right to kill the deceased, there being no proof of a hostile demonstration by deceased, then it is irrelevant. * * * * On the other hand, if the question is as to which party in the encounter is the assailant, then it is admissible to prove by the prior declarations of either that the attack was one he intended to make. Threats to this effect by the defendant are always, as has been seen, admissible; and it is properly held that there is equal reason, supposing a collision between the deceased and the defendant to be first proved, for the admission of such threats by the deceased." As to the same subject, see, also, *Holler* v. *State*, 37 Ind. 57 (10 Am. R. 74); *Wood* v. *State*, 92 Ind. 269; *Boyle* v. *State*, 97 Ind. 322; *Campbell* v. *People*, 16 Ill. 17.

Evidence that the deceased, or the prosecuting witness, attacked the defendant being first introduced, proof of previous threats by him is admissible upon the ground that such threats may tend to illustrate the character of the attack thus made, although never communicated to the defendant.

The evidence of threats made by Dillman, claimed to have

been discovered since the trial, was, consequently, competent and material, and more than mere impeaching evidence, and, for that reason, we feel constrained to hold that a new trial ought to have been granted upon the showing made by the appellant.

The judgment is reversed, and the cause remanded for a new trial.

The clerk will give the necessary notice for the return of the prisoner to the custody of the sheriff of Grant county.

