Filed June 18, 1886.

---

No. 13,011.

## WAGNER v. THE STATE.

CRIMINAL LAW.—*Supreme Court:—Conflicting Evidence.*—A judgment will not be reversed on the evidence when it is conflicting.

SAME.—*Possession of Stolen Property.—Presumption.—Previous Good Character.*—Proof of previous good character is not sufficient to rebut the presumption of guilt which possession of stolen property raises.

From the Porter Circuit Court.

*M. Nye, L. A. Cole, D. J. Wile* and *F. E. Osborn*, for appellant.

*F. T. Hord*, Attorney General, *W. B. Hord*, and *E. D. Crumpacker*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution against Lawrence Wagner for grand larceny, based upon an affidavit made by

the prosecuting witness and an information filed by the prosecuting attorney.

The property charged to have been stolen was a horse, of the estimated value of one hundred dollars, belonging to John Nelson and Charles P. Nelson.

The cause was, by agreement, tried by the court without a jury. The defendant was found guilty as charged, and, in addition to the assessment of a fine against him, he was adjudged to be imprisoned in the State's prison for the term of two years, and to be disfranchised for a definite period of time.

The only question here is upon the sufficiency of the evidence to sustain the finding of the circuit court.

John Nelson, the prosecuting witness, testified that the horse belonged to him and Charles P. Nelson, and was, with a bridle, taken from his stable in Porter county during the night succeeding the 1st day of January, 1886. Herman Stibbe and John Pike, respectively, testified that they were out hunting the next morning, that is to say, on the morning of the 2d day of January, 1886, and found the horse tied to a tree in the woods in Porter county, about three miles west of Michigan City, and several miles from where it was taken, where the undergrowth was thick; that a sack was lying on the ground near by containing horse feed and marked " Lorans Wagner " ; that there was also a fire near by at which some cooking seemed to have been done; that as they approached the horse they saw the defendant walking rapidly away from the opposite side. Stibbe claimed to have been acquainted with the defendant for several years previously, and that he recognized him when he thus saw him walking away. Pike had no previous acquaintance with the defendant, but identified him at the trial as the person he saw hastening away from the horse at the time referred to. An hour or two later, the marshal of Michigan City finding the horse apparently abandoned, and still hitched in the woods, took charge of it, and on the following day caused it to be returned to its owner. In

short, the evidence for the State made a well defined *prima facie* case of grand larceny against the defendant.

On behalf of the defendant several witnesses, more or less acquainted in the neighborhood in which he had lived, testified to his previous good character, and other witnesses claimed very positively to have been with him, or to have seen him, as late as midnight on the night during which the horse was stolen, and again next morning at his house, in Laporte county, fourteen miles from where the horse was found in the woods. Still other witnesses claimed to have accompanied him during the forenoon of the 2d day of January, 1886, to the city of Laporte, where still others insisted he remained until the next day. As a witness in his own behalf, the defendant denied having been away from his own house during the night on which the horse was alleged to have been taken, or during the next morning until he started to Laporte, and hence all connection with the taking, or attempted concealment, of the horse.

Conceding, therefore, the truth of all that was sworn to on the subject, proof of an *alibi* on the part of the defendant was complete.

The case presented is in consequence one resting upon irreconcilably conflicting evidence, and is, for that reason, a case in which the judgment can not be reversed upon the evidence. Counsel, arguing in support of this appeal, concede that the possession of recently stolen property raises a presumption against the person so found in possession of such property, to the extent of requiring him to give at least a reasonable account of the manner in which he came into such possession, but insist that proof of previous good character is sufficient to rebut the presumption of guilt thus raised, and that, under that rule of evidence, the defendant became entitled to an acquittal in this case, citing *Clackner* v. *State*, 33 Ind. 412, in support of their position.

Whatever the case thus cited may be construed as really deciding, we regard the doctrine contended for as above as

against the great weight of authority. Proof of previous good character is admissible in this State on behalf of the defendant in all criminal prosecutions, as tending to have, or as likely to have, at least a mitigating influence in some respect favorable to the defendant, but the value of such proof, and especially its relative value, must always depend upon the circumstances of each particular case. Such proof may, in some cases, create a doubt in favor of the defendant where the circumstances in other respects tend to establish his guilt, but as to when such proof ought to be accepted as creating such a doubt, no definite rule can be stated. 1 Taylor Ev., section 326; Whart. Crim. Ev., sections 60, 67 ; *Kistler* v. *State*, 54 Ind. 400; *Rollins* v. *State*, 62 Ind. 46 ; *McQueen* v. *State*, 82 Ind. 72.

In the cause in hearing, the defendant did not admit his possession of the stolen property, and hence offered nothing in explanation of such a possession. If in fact he had possession of the horse in the woods as claimed by Stibbe and Pike, his hastening away and abandonment of the possession of the animal were, under the circumstances, seemingly inconsistent with an honest possession, and with previous good character. The theory of his defence was that as to him the case was one of mistaken identity, and in support of that theory evidence tending to prove an *alibi* was introduced. The proof of previous good character relied upon by counsel was not, consequently, in legal contemplation, admitted to rebut the presumption arising from the possession of the stolen property, but was rather to strengthen the evidence tending to prove an *alibi*, and in this way to increase the probabilities that the case was one of mistaken identity.

Unsatisfactory as the case may be in some of its features, and as all cases resting upon irreconcilably conflicting evidence upon a vital point must be to an appellate court, no sufficient reason has been shown for a reversal of the judgment.

The judgment is affirmed with costs.

Filed June 18, 1886.