111 441
115 502

111 441
150 392

No. 13,873.

## BROWN v. THE STATE.

CRIMINAL LAW.—*Instructions.*—*Record.*—*Bill of Exceptions.*—*Supreme Court.*
—Instructions which are copied into the transcript by the clerk, but not brought into the record by a bill of exceptions or by a special order of the court, will not be considered on appeal.

SAME.—*Manslaughter.*—*Assault and Battery with Intent to Commit.*—*Verdict.*— *Failure to Specify whether Voluntary or Involuntary.*—In a prosecution for assault and battery with intent to commit manslaughter, the verdict is not vitiated, or the substantial rights of the defendant prejudiced, by a failure to specify therein whether the intent was to commit voluntary or involuntary manslaughter.

From the Switzerland Circuit Court.

*J. A. Works* and *L. O. Schroeder*, for appellant.

*L. T. Michener*, Attorney General, *M. R. Sulzer*, Prosecuting Attorney, and *J. H. Gillett*, for the State.

ELLIOTT, J.—The appellant was convicted of assault and

battery with intent to commit manslaughter, and from that judgment prosecutes this appeal.

What purports to be the instructions of the court are copied by the clerk, but they are not brought into the record by a bill of exceptions, nor by special order of the court. We can not, therefore, regard them as properly before us, for instructions can not be made part of the record by the act of the clerk in copying them. *Hollingsworth* v. *State, ante,* p. 289; *Leverich* v. *State,* 105 Ind. 277.

It is contended by the appellant's counsel that the judgment should be reversed because the verdict does not state whether the intent was to commit voluntary or involuntary manslaughter. We do not think that any question as to the sufficiency of the verdict is presented by the record. We incline to the opinion that such a question as that here sought to be brought before us can not be presented by a motion for a new trial. *Marcus* v. *State,* 26 Ind. 101. But if it be conceded that the question is properly presented, it will not avail the appellant, for the failure to specify the degree or kind of manslaughter which the accused intended to commit does not vitiate the verdict. *Powers* v. *State,* 87 Ind. 144. It is evident that the failure to more specifically describe the offence could not have prejudiced the material rights of the appellant, for, whether the manslaughter be voluntary or involuntary, the punishment is the same. *Powers* v. *State, supra;* *Keeling* v. *State,* 107 Ind. 563.

It is now well settled that no judgment, either in a criminal or civil case, will be reversed for an error which does not prejudice the substantial rights of the appellant.

There is evidence fully sustaining the verdict, and we can not disturb it.

Judgment affirmed.

Filed June 30, 1887; petition for a rehearing overruled Sept. 21, 1887.