No. 14,106.

## DELHANEY v. THE STATE.

CRIMINAL LAW.—*Supreme Court.—Judgment not Reversed if Evidence Tends to Sustain.*—The Supreme Court will not reverse the judgment in a criminal case if the evidence fairly tends to sustain it.

SUPREME COURT.—*Practice.—Evidence, Admission or Exclusion of.—Motion for New Trial.*—Alleged errors in the admission or exclusion of evidence must be presented below by a motion for a new trial, or they will not be considered on appeal.

SAME.—*Appeal.—Instructions to Jury.*—A judgment will not be reversed because of the refusal of instructions, although they contain correct statements of the law, if the substance of them is contained in others given.

SAME.—When all the instructions given by the court are not in the record, the Supreme Court will presume that the jury was properly instructed, and that the court by its instructions gave the substance of all proper instructions refused.

SAME.—*Criminal Law.—Bill of Exceptions.—Instruction.*—In criminal cases, the only way by which instructions given or refused can be made part of the record is by embodying them in a bill of exceptions. ·

From the Wells Circuit Court.

*C. M. France* and *M. W. Lee*, for appellant.

*E. C. Vaughn*, Prosecuting Attorney, for the State.

ZOLLARS, J.—Appellant was convicted upon a charge of burglary. His counsel contend that there is error in the record, in this:

1. That the conviction and judgment are not sustained by sufficient evidence;

2. That the court below erred in admitting certain evidence; and,

3. That the court below erred in refusing an instruction asked in behalf of appellant.

Counsel for the State meet the argument of counsel for appellant by contending, in the first place, that the record presents nothing for decision by this court.

What counsel for appellant claim is the record, is before us in two separate and detached portions. One portion, which, for convenience, we will call the first portion, is a transcript of the papers in the case, the entries by the clerk, etc., and contains, also, what appear to be instructions. The other portion, which we will call the second portion, is in the form of a bill of exceptions, and includes, apparently, the long-hand manuscript of evidence, but there is really nothing to show in an authentic manner that this evidence is, in fact, the evidence in the case as set out in the first portion.

However, we have examined the evidence, and, assuming that it is the evidence in the case, we can not reverse the judgment upon the weight of the evidence.

In a criminal case, in order to justify a conviction, the guilt of the accused must be established beyond a reasonable doubt. That is the rule to be enforced by the trial court. It has long been settled, that on appeal this court will not reverse a judgment in either a civil or criminal case, if the evidence fairly tends to sustain it. *Skaggs* v. *State*, 108 Ind. 53, and cases there cited; *Garrett* v. *State*, 109 Ind. 527; *Hudson* v. *State*, 107 Ind. 372, and cases there cited; *Wagner* v. *State*, 107 Ind. 71; *Kleespies* v. *State*, 106 Ind. 383.

See, also, *Reynolds* v. *State, ex rel., ante,* p. 421; Gillett Criminal Law, section 1017.

In response to the contention on the part of appellant that the court below erred in admitting certain evidence, counsel for the State insist that no question is before this court, because such admission of evidence was not assigned as a cause for a new trial. In that they are correct.

It is settled by numerous cases that errors in the admission or exclusion of evidence, like any other errors occurring at the trial, must be presented below by a motion for a new trial, or they will not be considered by this court on appeal. *Frybarger* v. *Andre,* 106 Ind. 337; *Cline* v. *Lindsey,* 110 Ind. 337 (343), and cases there cited.

As already stated, appellant's counsel contend that the court below erred in refusing the fifth instruction asked by them in behalf of their client. Here, again, the question made is not before this court in such a manner as to authorize a decision, without disregarding settled rules of practice.

A judgment will not be reversed because of the refusal of instructions, although they may contain correct statements of the law, if the substance of them is embraced in others given. *Walker* v. *State,* 102 Ind. 502; *National Benefit Ass'n, etc.,* v. *Grauman,* 107 Ind. 288; *Cline* v. *Lindsey,* 110 Ind. 337 (342), and cases there cited; *Stephenson* v. *State,* 110 Ind. 358, and cases there cited.

And, when all of the instructions given by the court are not in the record, this court will presume that the jury were properly instructed, and that the court, by its instructions, gave the substance of all proper instructions refused, and that, therefore, the party complaining was not injured by such refusal. *Garrett* v. *State, supra; City of Indianapolis* v. *Murphy,* 91 Ind. 382; Gillett Criminal Law, section 919, and cases there cited; *Ehlert* v. *State,* 93 Ind. 76; *Terry* v. *Shively,* 93 Ind. 413; *Ricketts* v. *Coles,* 97 Ind. 602.

As above stated, the clerk below inserted in the first portion of the record what seem to be instructions given by the

court. They can not be regarded as a part of the record, for the reason that in criminal cases the only way by which instructions given or refused can be made a part of the record is by embodying them in a bill of exceptions.' *Leverich* v. *State*, 105 Ind. 277; *Hollingsworth* v. *State*, 111 Ind. 289; *Brown* v. *State*, 111 Ind. 441; *Ford* v. *State*, 112 Ind. 373.

The record shows affirmatively that all of the instructions given by the court are not properly in the record. Therefore, assuming that the fifth instruction is properly before us, because embraced in the bill of exceptions, which we have called the second portion of the record, and conceding, without by any means deciding, that it states the law correctly, this court can not reverse the judgment on account of its refusal, because we must presume that it was covered by other instructions given by the court.

The record does not present any error upon which this court can predicate a reversal of the judgment.

Judgment affirmed, with costs.

Filed Sept. 26, 1888.