## No. 14,677.

## GRUBB v. THE STATE.

CRIMINAL LAW.—*Failure of Defendant to Testify.—Instruction.—Practice.*—
The trial court is not required to instruct the jury, as provided in sec-
tion 1798, R. S. 1881, that the failure of the defendant to testify in his
own behalf shall not be considered by them, unless it is asked to do so as
provided in section 1823, and it is too late to make such request after
the argument is closed and the jury instructed.

SAME.—*Evidence.—Letter.—Authorship.*—In determining the authorship of
a letter offered in evidence, and attributed to the defendant, the court
has the right to consider anything appearing on its face, in connection
with the other evidence bearing on the question, and it is not required
to instruct the jury not to consider remarks made by the court in their
presence and constituting the reasons for its decision.

SAME.—*Misconduct in Argument.*—Where counsel for the State is guilty of
misconduct in argument, and the trial court does all it can and all that
it is asked to do to remedy the injury that may be done to the defend-
ant thereby, the matter will not be reviewed in the Supreme Court. If
the defendant thinks the injury is of such a character as not to be re-
mediable by any action of the court, he should move to set aside the
jury, or take such other steps as he may think necessary to secure him
an impartial trial.

SAME.—*Expert Witness.—Cross-Examination.—Waiver of Error.*—Where a
witness, examined as an expert, expresses an opinion based upon facts
assumed by the party introducing him to have been proved, or upon a
hypothetical case put by such party, the other party may cross-examine
the witness by taking his opinion upon any other set of facts assumed
by him to have been proved, or upon a hypothetical case. If the right
to so cross-examine is denied, the error will be cured if the party calls
the witness in his own behalf and proves the matters he attempted
to elicit by cross-examination.

SAME.—*Insanity.—Non-Expert Witness.—Opinion.*—Where the soundness of
the defendant's mind is in question, a witness who' talked with him on
the day on which he says he was sane, and a witness who has known
him intimately for several years, may, upon stating the facts, give opin-
ions as to the condition of his mind.

SAME.—*Opinion Must be Based on Facts Stated.*—Insanity is a fact that can
not be proved by reputation; nor by a witness who is not an expert,
unless the witness first gives the facts upon which his opinion is based.

SAME.—*Irresistible Desire to Take Life.*—It is proper to refuse to instruct

the jury as matter of law that insanity "sometimes takes the form of an irresistible desire to take human life."

SAME.—*Refusal to Give Instructions.*—*Reversal of Judgment.*—A case will not be reversed on account of the refusal of the court to give an instruction, if the instructions given cover the essential elements of the law contained in the instruction refused.

SAME.—*Insanity.*—*Instructions Upon.*—For a consideration of instructions, given and refused by the trial court, upon the subject of insanity as a defence in a prosecution for homicide, see opinion.

From the Knox Circuit Court.

*W. A. Cullop, A. P. Twineham, J. S. Pritchett, C. B. Kessinger* and *W. D. Robinson,* for appellant.

*L. T. Michener,* Attorney General, *J. H. Gillett, J. E. McCullough, J. H. Miller, J. L. Bretz* and *J. C. Adams,* for the State.

COFFEY, J.—The appellant, Sylvester Grubb, was indicted in the Gibson Circuit Court for the murder of Gertrude Downey on the 13th day of September, 1888. A change of venue was granted and the cause was sent for trial to the Knox Circuit Court. In that court the appellant, by his counsel, filed a special plea, alleging that, at the time of the commission of the crime, the appellant was a person of unsound mind. The cause was tried, resulting in a verdict of guilty, fixing the death penalty. The appellant filed a motion and reasons for a new trial, which was overruled by the court, and an exception was reserved. The court then rendered judgment on the verdict, ordering that the appellant be executed on the 19th day of April, 1889.

After the argument in the cause had closed, and after the court had instructed the jury, the appellant asked the court to give the jury the following instruction:

"The defendant has not testified as a witness, in his own behalf, in this cause. It was competent for him to do so. This fact shall not be considered by you or commented upon by the jury in making your verdict."

The court refused to give this instruction, and the defend-

ant excepted. It is claimed that in refusing to give this instruction the circuit court erred. Before passing upon this question, it is necessary to meet and decide a question raised by the State in relation to the bill of exceptions in this cause. It is claimed by the State that it does not affirmatively appear by the bill of exceptions, or otherwise, that all the instructions given by the court are in the record. If all the instructions given by the court do not appear in the record, this court will not consider the action of the circuit court in refusing to give an instruction asked, as it will be presumed that the court refused to give it, if it was the law applicable to the case, because it was embraced in some other instruction given. *Delhaney* v. *State*, 115 Ind. 499; *Walker* v. *State*, 102 Ind. 502; *Nat'l Ben. Ass'n* v. *Grauman*, 107 Ind. 288; *Cline* v. *Lindsey*, 110 Ind. 337; *Stephenson* v. *State*, 110 Ind. 358.

In the case of *Delhaney* v. *State*, *supra*, it affirmatively appeared by the record that all the instructions given by the court were not in the record. In this case there is no affirmative statement appearing in the record that the instructions therein set out were all the instructions given by the court. It does appear, however, that the court gave a number of instructions, which are signed by the judge, giving a statement of the law covering almost every phase of the case, and we think that, taking the entire record, it sufficiently appears that it contains all the instructions given by the court. The bill purports to contain all the instructions given. Having reached this conclusion, it remains to be determined as to whether the court, under the circumstances, erred in refusing to give the instruction above set out. No instruction embodying the law, as enunciated in this instruction, was given by the court.

The fourth division of section 1798, R. S. 1881, is as follows: "The defendant, to testify in his own behalf. But if the defendant do not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause,

nor commented upon, referred to, or in any manner considered by the jury trying the same; and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their duty under the provisions of this act."

The sixth division of section 1823, R. S. 1881, provides that " If the prosecuting attorney, the defendant or his counsal desire special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party or his attorney asking them, and delivered to the court before the commencement of the argument." * * *

Construing these provisions of our criminal code together, we are of the opinion that the court would not be required to instruct the jury as provided in section 1798, unless asked so to do.

As we have seen, in this case the court was not asked to give this instruction until after the argument in the cause had closed and the jury had been instructed.

This was too late. It should have been reduced to writing and delivered to the court before the argument commenced. *Foxwell* v. *State*, 63 Ind. 539; *Surber* v. *State*, 99 Ind. 71.

The court did not err in refusing to give the instruction as asked by the appellant.

Instruction numbered two, asked by defendant, is, we think, covered by instructions numbered thirteen and fifteen. Instruction thirteen informed the jury that when insanity is once shown to exist it is presumed to continue until the contrary is shown. The jury were told in instruction fifteen that if, on all the evidence in the cause, they entertained a reasonable doubt as to the sanity of the defendant, they should acquit him.

The court, in instruction numbered sixteen, instructed the jury, to the satisfaction of the defendant, upon the legal effect of the admission made by the State on his affidavit for a continuance.

A case will not be reversed for the refusal of the court to give an instruction asked if the instructions given by the

court cover the essential elements of the law contained in that asked and refused. *Garfield* v. *State,* 74 Ind. 60; *Barnett* v. *State,* 100 Ind. 171 ; *Everson* v. *Seller,* 105 Ind. 266

Conceding, as the appellant does, in this court, that instruction sixteen, given by the court, states the law correctly, we are of the opinion that the essential principles of the law contained in all of the instructions asked by the appellant are fully covered by the instructions given by the court. The instructions bear evidence of having been carefully prepared, and state the law of the case plainly and concisely in such a manner that they could not have well been misunderstood by the jury. They cover every conceivable phase of the case as made by the evidence, and no tenable objection to them has been pointed out by the learned counsel in their able brief.

It appears by the record that during the progress of the trial, and while the court was engaged in hearing evidence upon the subject of the handwriting of a certain letter, at the close of which were written the words " *Syl, good-by,*" the judge remarked, in the presence of the jury, and in their hearing, that he construed the signature to said letter, " Syl, good-by," to mean " Good-by, Syl," to which remark of the court, the defendant objected, and prayed the court to instruct the jury not to consider said remark, which the court refused to do, and the defendant excepted.

The letter was found in the drawer of the deceased after her death, in an envelope addressed :

" Miss Gertrude Downey,
" Francisco,
" Gibson Co.,
" Ind."

(Post-marked) " Oakland City, Ind., Aug. 25th, 1888."

The letter contained threats against the deceased, and it was claimed by the State that it was in the handwriting of the defendant. It was in passing upon the admissibility of this letter as evidence in the cause that the judge made the remark above set out.

It is claimed by the learned counsel for the defendant that inasmuch as the defendant resided at Oakland City, and as his christian name is Sylvester, that this remark had a tendency to injure his cause before the jury, and induced them to believe that he had written the letter.

The question of the admissibility of this letter in evidence was one wholly for the court to decide. Before it could be read in evidence there must have been sufficient evidence adduced to the judge of the court, either direct or circumstantial, to satisfy him that the defendant was its author. This principle is elementary and is familiar to the profession generally. The court, in determining the authorship of the letter, had the right to consider anything that appeared upon its face in connection with the other evidence bearing upon that question. We do not think that the court was required to instruct the jury that they should not consider the reasons given for the decision of a question which belonged exclusively to the court, in making up their verdict. In addition to what we have said on this subject, it is proper to state that the court did, in its instructions to the jury, tell them that they were the exclusive judges of both the law and the evidence.

It is urged that the court erred in admitting the evidence of one Davis as to the condition of the defendant's mind. It is claimed that the witness did not give the facts upon which he based his opinion, but it appears that the witness talked with the defendant ten or fifteen minutes on the day he says he was sane. The weight to be given to his testimony was a question for the jury, but he did give the facts upon which he based his opinion.

The same objection is made to the testimony of one Turpin, but it appears that the witness had known the defendant quite intimately for eight years. It is evident that the court as well as the jury understood that these witnesses were basing their opinions upon the facts stated by them. *Goodwin* v. *State*, 96 Ind. 550.

During the closing argument, Mr. McCullough, one of the counsel for the State, said to the jury " that the defendant had made an affidavit for the continuance of said cause on account of the absence of four witnesses. We have admitted the facts he claimed these witnesses would have sworn to, in order to go to trial. If these four witnesses had been present, then it would have been four more. It is all a sham, and it is only done to delay justice."

The defendant, by his counsel, objected to these statements to the jury, and the court then instructed the jury that such statements were not to be considered by them.

Where counsel is guilty of misconduct, and the opposing party, at the time, objects, and the court, upon being asked to do so, neglects or refuses to take action in the matter, or to repair the injury to the satisfaction of the injured party, he can except and bring the question to this court. But in such cases, if the court does all in its power to relieve the party injured from the consequences of such misconduct, there is no action of the court to which an exception can be taken, and consequently nothing to be reviewed in this court. In such cases, if the injured party thinks that the injury is of such a character that it can not be repaired by any action of the court, he should move to set aside the jury, or take such other steps as he may think will secure to him a fair and impartial trial. If he fails to do this, and permits the case to proceed to final determination, he must be deemed to have waived all questions arising out of such misconduct. *Coleman* v. *State*, 111 Ind. 563; *Henning* v. *State*, 106 Ind. 386.

In this case, as the court did all that could be done, and, indeed, all it was asked by the appellant to do, it must be considered by this court that all error on account of the misconduct of counsel for the State has been waived.

The State propounded to Dr. J. H. Hensley, an expert witness called on its behalf, a hypothetical question covering what the State claimed to be the facts established by the evidence introduced by the prosecution on the subject of the

insanity of the appellant. Basing his answer upon this hypothetical case, the witness stated that, in his opinion, the defendant was a person of sound mind at the time of the homicide under investigation.

The defendant, on cross-examination, attempted to introduce into the hypothetical case put by the State, facts which he claimed had been established by the evidence introduced by him. To this the court sustained an objection, and he excepted. This ruling of the court was erroneous. *Davis* v. *State*, 35 Ind. 496; *Batten* v. *State*, 80 Ind. 394.

Where a witness, examined as an expert, expresses an opinion based on facts assumed by the party introducing him to have been proved, or upon a hypothetical case put by such party, then the other party may cross-examine the witness by taking his opinion based on any other set of facts assumed by him to have been proved, or upon a hypothetical case.

But it is claimed by the State that as the defendant called this same witness in his own behalf, and examined him fully as to the matters excluded on cross-examination, this error was cured, and that the defendant was not injured by the erroneous ruling of the court in refusing to allow the defendant to prove the same matter on cross-examination.

It appears by the record that the defendant did call the witness in his own behalf, and prove by him the matters that would have been elicited by the questions put on the cross-examination. This, in our opinion, cured the error of the court above indicated, and rendered the ruling of the court harmless. *Ard* v. *State*, 114 Ind. 542.

At the proper time the defendant offered to prove by his father that, at the time one of his brothers died, he was, and for a long time prior to his death had been, insane, but the court refused to allow the witness to answer the question calculated to elicit that fact.

It was not shown that the witness was an expert, nor did the witness state any facts upon which he could base an opinion that his brother was insane. Insanity is a fact that can

Grubb *v*. The State.

not be proven by reputation, nor can it be proven by a witness who is not an expert, unless the witness first gives the facts upon which his opinion is based. *Walker* v. *State*, 102 Ind. 502; *Sutherland* v. *Hankins*, 56 Ind. 343.

This disposes of all the questions urged by the able counsel in their brief for a reversal of the judgment of the circuit court.

Impressed with the weight of the responsibility resting upon us, and with a full appreciation of the awful consequences that may follow our determination of the questions involved in this case, we have examined the record with a solicitude known only to those whose duty it has been to perform similar duties. In this examination we have been aided by able and elaborate briefs for both the appellant and the appellee. In our opinion nothing can be found in this record from which it can be inferred that the appellant did not have a fair and impartial trial in the circuit court. We do not think that there is any legal ground for reversing the judgment of the court below.

Judgment affirmed.

Filed Feb. 16, 1889.

## ON PETITION FOR A REHEARING.

COFFEY, J.—The appellant in this cause has filed a petition for a rehearing, and in the able brief filed by his counsel it is earnestly insisted that this court erred in its conclusions in the opinion heretofore rendered.

The appellant, at the proper time, asked the court to instruct the jury that "The law presumes that a man is of sound mind until there is some evidence to the contrary. In prosecutions for offences against the criminal code, an accused is entitled to an acquittal if the evidence engenders a reasonable doubt as to the mental capacity at the time the alleged offence is committed. Evidence rebutting, or tending to rebut, the presumption of sanity, need not, to entitle the defendant to an acquittal, preponderate in favor of the

accused. It will be sufficient if it raise in your minds a reasonable doubt. And if shown defendant was a person of unsound mind less than a week before said offence was committed, it is presumed he continued so, and unless the State has shown beyond a reasonable doubt he was sane at that time, you should acquit the defendant."

The court refused to give this instruction, but instructed the jury as follows :

" 13. Insanity, when once shown to exist in an individual, is presumed to continue, until the contrary is shown by the evidence."

" 15. On the issue formed by the defendant's special plea, and the reply thereto, hereinbefore referred to, the burden is upon the defendant to overcome the legal presumption of sanity by some evidence ; but, under the law of this State, the defendant would be entitled to an acquittal at your hands under his special plea, if the evidence adduced is sufficient to raise a reasonable doubt in your minds as to whether he was of sound or unsound mind at the time the alleged offence is charged to have been committed. And evidence rebutting, or tending to rebut, the presumption of sanity, need not, to entitle the defendant to acquittal, preponderate in his favor. In that respect it will be sufficient if it create in your minds a reasonable doubt."

" 31. * * * If you entertain a reasonable doubt as to whether he was criminally responsible for the commission of the acts charged in the indictment, if you are satisfied, on the evidence, beyond a reasonable doubt, that he did commit the act charged, you should find him not guilty."

As was said in the opinion in this cause, a case will not be reversed for the refusal of the court to give an instruction asked, if instructions given by the court cover the essential elements of the law contained in that asked and refused. The essential elements of the law contained in the instruction asked, as above set out, are that the jury, if they find that there is any evidence in the cause tending to prove that

the appellant, at a time prior to the commission of the offence charged, was insane, they must acquit him, unless satisfied beyond a reasonable doubt of his sanity at the time of the offence. This element is clearly set forth in the instructions given.

Instructions are not to be construed in detached portions, but they must be construed together, and when so construed the jury must have understood that if they entertained a reasonable doubt of the sanity of the appellant at the time of the homicide charged, it was their duty to acquit him.

It is earnestly insisted that instruction thirteen, above set out, is erroneous, because the court did not add thereto the words " beyond a reasonable doubt."

We do not think so. It was the announcement of a general principle of law, applicable alike to insanity once shown to exist, as to all other things. When a thing is once shown to exist it is presumed to exist always, with some exceptions, until the contrary is shown. It is true that the jury should have been informed, either in that instruction or in some other, that a bare preponderance of the evidence was not sufficient to remove that presumption in a criminal case, but they were so told, in substance, in instruction numbered fifteen. *Physio-Medical College* v. *Wilkinson,* 108 Ind. 314.

With the other instruction given by the court upon the subject of the presumption of innocence, what we have said here fully covers all the essential elements of the law contained in instructions numbered two, three, four and five, asked by the appellant.

The appellant also asked the court to instruct the jury that " There are but two classes of persons under the law of this State; those of sound and unsound mind, and a person of unsound mind can not be held responsible for crime under the criminal law; the law makes no distinction in degrees of unsoundness of mind."

The court refused to give this instruction, and gave the following :

"17. * * * If he (defendant) was laboring under an irresistible, uncontrollable mental delusion, impelling him to do said act, that he was at the time of the perpetration of said killing in such a state of mind as to be unable to control his will and his actions in regard to the act so committed, in judgment of law he was insane. * * * *

"18. If, at the time of committing the act charged, the defendant was moved thereto by an insane impulse controlling his will and his judgment, an impulse too powerful for him to resist, and said insane impulse arose from causes, physical or moral, or from both combined, not voluntary or induced by himself, you can not find him guilty."

"10. * * * If the party committing the offence had mental capacity sufficient to adequately comprehend the nature and consequences of the act, and had unimpaired will power fully sufficient to control an insane impulse to commit crime, he would be, under the law, responsible for his acts."

It is true that the law recognizes but two classes, the sane and the insane, and that an insane person is not liable, criminally, for his acts, but the instruction asked, without any explanation to the jury as to what constituted insanity within the meaning of the law, was calculated to mislead them. The instructions above set out, we think, correctly stated the law as it has heretofore been enunciated by this court. *Robinson* v. *State*, 113 Ind. 510; *Warner* v. *State*, 114 Ind. 137; *Wartena* v. *State*, 105 Ind. 445.

Instructions seven and eight, asked by the appellant, are fully covered by the instructions given by the court. It is true that the court does not use the exact language embodied in these instructions, but the principles of law contained therein were fully stated to the jury.

Instruction eleven and one-half, asked by the appellant, upon the subject of good character, is fully covered by instruction numbered twenty-nine, given by the court. In the instruction given by the court the jury were expressly told that they

Grubb *v.* The State.

might consider evidence of the appellant's good character as bearing upon the question of guilt or innocence and upon the question of the soundness or unsoundness of his mind.

The appellant also asked the court at the proper time to give the jury the following instruction: "Insanity is recognized as a disease which may impair or totally destroy either the understanding or the will, or both; and this disease sometimes takes the form of an irresistible desire to take human life, and when it does, the mind under such conditions, while it may clearly perceive and comprehend the results and consequences arising from such act, is incapable of resistance, and if you find the defendant was thus afflicted when said alleged offence was committed, then you should acquit him."

So far as this instruction contains the law, it is covered by instruction number eleven given by the court. But the instruction as asked contains matters of fact which should not be embodied in an instruction. It is probably a fact that insanity "sometimes takes the form of an irresistible desire to take human life," but we do not know it as a matter of law.

In the case of *Bradley* v. *State*, 31 Ind. 492 (509), the learned judge who delivered the opinion says: "Insanity is a disease. * * It is no more the province of the court to instruct a jury as to the effect this disease will produce in a special subject, than as to the result of an attack of cholera or fever. The effect which has been produced is a question of fact, and to be proved in like manner."

The other reasons urged for a rehearing relate to matters which were fully considered and decided in the opinion heretofore announced in the case. We have again reviewed all these questions and feel warranted in saying that they were correctly decided. We are unable to find in the record any reason for granting a rehearing.

Petition overruled.

Filed April 2, 1889.