Reinhold v. The State.

Filed March 9, 1892.

---

No. 16,348.

## REINHOLD v. THE STATE.

CRIMINAL LAW.—*Indictment.—Conspiracy.— Value of Goods.*—An indictment for a conspiracy to commit a burglary is not defective for failing to state the kind or value of goods intended to be stolen.

SAME.—*Conspiracy.—Acquaintanceship of Conspirators.*—On a charge of conspiring to commit a burglary or other crime the acquaintance of the conspirators with each other may be shown.

Reinhold *v.* The State.

SAME.—*Defendant's Knowledge of Property in House to be Burglarized.*—On such a charge it may be shown that valuable property was kept in the house or place to be burglarized without first showing that the accused knew of it.

SAME.—*Evidence Showing Endeavor of Accused to Meet Fellow-Conspirators.*— Evidence tending to show, in connection with otИer evidence already given, that the accused was endeavoring to meet his fellow-conspirators, is admissible.

SAME.—*Answer Not in Record.*—An erroneous question to which no answer appears in the record is not such an error as will reverse the case.

SAME.—*Conspiracy, Remark of Judge that it Had Been Shown.—Curing Error.*—A remark of the judge, on the trial of a conspiracy to commit a crime, that in his opinion sufficient evidence had been introduced to show the conspiracy charged, and, upon the theory that a third person was one of the conspirators, his declarations in furtherance of the conspiracy and carrying out the unlawful design are admissible, is erroneous ; but the court may cure the error in its general charge to the jury by stating to them to disregard the opinion of the court.

SAME.—*Casual Remark of Court.— Withdrawing.*—A casual remark made by the court in the presence of the jury may·be withdrawn just as an erroneous instruction, and the error, if any, will be cured.

INSTRUCTIONS.—*Presumption as to Instructions Refused.—Instructions Not All in Record*—If the record does not contain all the instructions given to the jury, it will be presumed that the instructions given, but omitted from the record, gave the substance of all proper instructions refused.

SAME.—*Evidence Not in Record.—Presumption.*—If the evidence is not in the record, every reasonable presumption will be indulged to uphold the instructions given.

CHANGE OF VENUE.—*Discretion of Court.—Abuse.*—On a charge of a conspiracy to commit a burglary, the ruling of the court upon the motion for a change of venue from the county is a matter very much within the discretion of the court, and its refusal to grant the change is not reversible error, unless it is shown that there was an abuse of discretion.

From the Marion Criminal Court.

*J. M. Bailey* and *W. Irvin,* for appellant.

*A. G. Smith,* Attorney General, *J. W. Holtzman,* Prosecuting Attorney, *J. S. Duncan* and *C. W. Smith,* for the State.

MILLER, J.—The appellant and Harry Horton were jointly indicted for conspiracy. They were charged with having conspired, confederated and agreed with each other to commit

Reinhold v. The State.

burglary, with the intent to steal, take, and carry away the personal property of Hilton U. Brown.

The indictment was not defective for failing to state the kind or value of the goods intended to be stolen. *Hunter* v. *State,* 29 Ind. 80; *Short* v. *State,* 63 Ind. 376; *Buntin* v. *State,* 68 Ind. 38.

The defendant filed his affidavit and motion for a change of venue from the county. In opposition to this, the State filed the affidavits of a number of citizens of the county, stating that there was no excitement or prejudice against him, and that in their opinion he could have a fair and impartial trial in Marion county. The court overruled the motion.

This is a matter very much within the discretion of the trial court. We see nothing in the showing made that indicates an abuse of that discretion. Section 1771, R. S. 1881; *Spittorff* v. *State,* 108 Ind. 171; *Merrick* v. *State,* 63 Ind. 327; *Fahnestock* v. *State,* 23 Ind. 231.

Objection is made to the ruling of the court in permitting Philip Winklihouse, a witness for the State, to testify that on one occasion he went to the appellant's office with and at the request of Harry Horton.

The evidence is not in the record, and we are not informed what occurred at the appellant's office on the occasion referred to. Standing alone, the evidence shows little more than an acquaintance between the accused and Horton. This was admissible. The fact that the parties charged with a conspiracy are acquainted with each other is a circumstance, slight it may be, that the jury may consider with facts proven. A conspiracy to commit crime is not likely to exist between strangers. If the fact of the acquaintance of the accused with Horton was an immaterial one, and had no bearing upon the question in issue, the appellant was not injured by the evidence.

Hilton U. Brown, the owner or occupant of the dwelling-house, the burglary of which was charged to have been the

object of the conspiracy, testified that he carried a gold watch. The defendant moved the court to withdraw this testimony from the jury, but his motion was overruled.

The record informs us that the State proposed to show in this connection that the watch was there, and could have been taken.

The court suggested that the evidence would not hurt either of the parties very much.

We are of the opinion that the remark of the court was pertinent. The evidence, if in the record, might show that this testimony was important to the prosecution or injurious to the accused. In the absence of the evidence it appears to be simply harmless.

The court did not err in permitting the State to prove by Frank Thorn that, prior to the conspiracy charged, the accused, speaking of Horton, made a statement, which, taken in connection with the explanation and evidence offered by the State, tended to show that the accused was seeking an opportunity to meet Horton in order to make an arrangement with him to commit burglaries.

The objection urged to the evidence is that it does not show that the proposed arrangement was to commit the specific burglary which was the object of the conspiracy charged.

This evidence was admissible as tending to show a willingness on the part of the accused to enter into a conspiracy with Horton for the commission of the crime of burglary. *Williams* v. *State*, 47 Ind. 568 ; *Walton* v. *State*, 88 Ind. 9.

Complaint is made of the ruling of the court in refusing to sustain the defendant's motion to strike out this question propounded to Otto Smith :

" What conversation, if any, did you have with Horton after that was done about going any where with him that night to do another job ? "

This question could not have injured the accused ; if he suffered injury it must have been because of the answer to

the question. If the question was answered, it is wholly omitted from the bill of exceptions, and we are therefore unable to determine its nature or effect.

The next reason urged for a new trial relates to language used by the court, in the presence of the jury, in ruling upon the objection to the foregoing question, and is as follows:

" In the opinion of the court sufficient evidence has been introduced to show that a conspiracy existed between Reinhold and Horton to do the offence charged in the indictment, and, upon the theory that Horton is one of the conspirators, his declarations in furtherance of the conspiracy and carrying out the unlawful and felonious design in the indictment, it is admissible."

In making this statement in the presence of the jury we are of the opinion that the court, unguardedly, used language in excess of that which was proper, and which was well calculated to influence the minds of the jury to the prejudice of the accused. The ultimate fact, upon which the jury was to pass, was the guilt or innocence of the accused of having conspired with Horton to do the offence charged in the indictment. The court in this statement says, without qualification, that in his opinion sufficient evidence had been introduced to show that such a conspiracy existed.

It was proper for the court to say, if such was the fact, that a *prima facie* showing of the existence of the conspiracy had been made; or that in his opinion such a showing had been made as to permit the declarations of Horton to be given in evidence. Gillett Crim. Law., section 310. What the court did say went far beyond this, and, standing alone, would be reversible error.

It is, ordinarily, not necessary for the court to instruct the jury to disregard the reasons given by the court, in their hearing, in the deciding of a question which belongs exclusively to the court. *Grubb* v. *State*, 117 Ind. 277.

We are satisfied that whatever error the court may have

committed in expressing an opinion in the presence of the jury, was fully cured by its fourth instruction, in which, in addition to explaining the circumstances under which the remark was made, and stating that it was not the intention of the court to express an opinion for or against the accused, the court expressly withdraws such remark from their consideration, and directs them to give it no further consideration.

We are satisfied that a casual remark, made by the court, in the presence of the jury, may be withdrawn, just as an erroneous instruction, and the error, if any, will be cured. *Kingen* v. *State*, 45 Ind. 518; *Binns* v. *State*, 66 Ind. 428; *La Matt* v. *State, ex rel.*, 128 Ind. 123.

Much of the argument, in the brief of counsel, is devoted to a discussion of certain instructions given by the court to the jury, and to the refusal to give others, asked by the accused.

A preliminary question raised by the State must first be passed upon. We are met with the uncontradicted statement of counsel for the State that all the instructions given to the jury are not in the bill of exceptions.

If the record does not bring before us all the instructions given to the jury, we must presume, in favor of the action of the trial court, that the instructions given, but omitted from the record on appeal, gave the substance of all proper instructions refused, and that, therefore, the party complaining was not injured by such refusal. *Delhaney* v. *State*, 115 Ind. 499; *Lehman* v. *Hawks*, 121 Ind. 541; *Ford* v. *Ford*, 110 Ind. 89.

In *Gallaher* v. *State*, 101 Ind. 411, this court said : " We are bound to presume that the other instructions given by the trial court did express the law correctly, and the imperfections and obscurities in those brought into the record were removed by the other instructions given by the court. * * * There may, perhaps, be cases where this court could decide that there was error in giving instructions without having all the instructions before it, but the case

that would warrant such a course must be an extraordinarily strong one."

See, also, *Marshall* v. *Lewark,* 117 Ind. 377 ; *City of Indianapolis* v. *Murphy,* 91 Ind. 382 ; *Stull* v. *Howard,* 26 Ind. 456.

" It may be too radical a presumption to indulge, that the alleged erroneous instruction was withdrawn." Gillett Crim. Law, section 919. But all reasonable presumptions short of that will be entertained in favor of the ruling of the lower court.

The bill of exceptions does not state that the instructions set out in the bill were all the instructions given. The numbers of those contained in the bill are not consecutive, and we find no affirmative evidence to show that other instructions were not given, and nothing from which such inference can be indulged. *City of New Albany* v. *McCulloch,* 127 Ind. 500 ; *Grubb* v. *State, supra.*

Strong presumptions in favor of the correctness of the rulings of the trial court are indulged in, and if the instructions would be proper under any evidence that might have been given under the issues, the presumption will, in the absence of the evidence, be entertained that such evidence was introduced. *Weir Plow Co.* v. *Walmsley,* 110 Ind. 242 ; *Joseph* v. *Mather,* 110 Ind. 114 ; *Stevens* v. *Stevens,* 127 Ind. 560 ; *Hilker* v. *Kelley, ante,* p. 356.

In the absence of the evidence and of an affirmative showing that all the instructions given by the court are in the record, we can not reverse the judgment of conviction rendered against the appellant, even if the instructions were subject to the infirmities urged by counsel. Under these circumstances we do not feel called upon to set out or discuss the instructions given or those asked.

It would not have been difficult to have included all the instructions given in the bill of exceptions, and to have complied with Rule 30 of this court by incorporating therein a statement of the judge that there was competent

evidence introduced on the ·trial material to the point covered by the instructions, when the questions so ably discussed would have been before us·without putting the evidence in the record.

It is proper to say that the record does not seem to have been prepared by the counsel who represent the appellant in this court.

Judgment affirmed.

Filed Feb. 19, 1892.