Bealer *v.* The State.

## BEALER *v.* THE STATE.

[No. 18,558.   Filed April 28, 1898.]

INSTRUCTIONS.—*Criminal Law.—Appeal.*—In criminal cases instructions cannot be brought into the record except by bill of exception. *p. 392.*

SAME.—*Appeal.—Presumption.*—In the absence of a showing by the record to the contrary, it will be presumed on appeal that the trial court properly instructed the jury.   *p. 393.*

CRIMINAL LAW.—*Larceny.—Verdict.—Indeterminate Sentence Law.—*

On a prosecution for larceny the jury returned the following ver-
dict: "We the jury find the defendant guilty as charged in the
indictment; and we further find that he is thirty-two years of age."
*Held*, that the verdict was not defective in not fixing the punish-
ment, as the case came within the provisions of the indeterminate
sentence law. *p. 394.*

From the Morgan Circuit Court. *Affirmed.*

*J. V. Mitchell* and *D. E. Watson*, for appellant.

*William A. Ketcham*, Attorney-General, for State.

McCABE, J.—Appellant was convicted on an in-
dictment charging him with receiving stolen prop-
erty, knowing the same to have been stolen, namely,
two hens, alleged to be of the value of one dollar, and
sentenced to the State prison for not less than one nor
more than three years, and fined one dollar. The
errors assigned, and not waived, call in question the
action of the circuit court in overruling appellant's
motion for a new trial, for a *venire de novo*, and in
arrest of judgment.

Under the motion for a new trial, the giving and
refusing of certain instructions to the jury are com-
plained of; and, as was said in *State* v. *Hunt*, 137 Ind.
551: "None of the instructions are embodied in a
bill of exceptions. They are copied into the trans-
cript with no other authentication of them as parts
of the record below than a statement on the margin
of each, to wit: 'Given, and excepted to by the State
[defendant here] October 17th, 1893 [here, this 19th
day of Nov. 1897],'" signed by the attorney for the
party, and the judge. "It has been held that instruc-
tions in criminal cases cannot be incorporated in the
record in that way, though they may be so incorpo-
rated in a civil case, and that in a criminal case they
can only be brought into the record by a bill of excep-
tions." To the same effect are *Chandler* v. *State*, 141
Ind. 109; *Reynolds* v. *State*, 147 Ind. 12; *Reinhold* v.

*State*, 130 Ind. 472; *Brown* v. *State*, 111 Ind. 442; *Hollingsworth* v. *State*, 111 Ind. 296; *Meredith* v. *State*, 122 Ind. 514; *Delhaney* v. *State*, 115 Ind. 499; *Leverich* v. *State*, 105 Ind. 277.

The punishment for the offense of which appellant was convicted, as provided in the statute defining it, is the same as that prescribed by the statute for grand larceny; but if the goods are worth less than $25.00, as was the case here, the punishment is the same as that prescribed for petit larceny. Section 2012, Burns' R. S. 1894 (1935, R. S. 1881). The punishment prescribed for petit larceny is imprisonment in the State prison not more than three years, nor less than one year, a fine in any sum not exceeding $500.00, and disfranchisement and incapacity to hold any office of trust or profit for any determinate period, or imprisonment in the county jail not more than one year, and a fine not exceeding $500.00, and disfranchisement and incapacity to hold any office of trust or profit for any determinate period.

This prosecution is subject to the indeterminate sentence law, if the case falls within its provisions, because the offense is charged to have been committed on February 2, 1897, after that law took effect. But the offense charged is one that may fall within the provisions of that act, or may not, depending on the determination of the question by the jury or the court trying the cause as to the measure of punishment deserved by the defendant. If, under all the circumstances disclosed by the evidence, either of aggravation or mitigation, the jury or court trying the case should deem a jail sentence, and the other incidental punishment provided in case of such jail sentence, as severe as the defendant deserves, then the finding or verdict, as we have held, should be returned precisely as if the indeterminate sentence law had not been

passed, because in that event the case would not fall within either that law or the reformatory act. *Hicks* v. *State, ante,* 293. And, on the contrary, if, in all that class of felonies where there may be a jail sentence, and its incidents, instead of imprisonment in a State prison, in the discretion of the court or jury trying the case, such jail sentence, and its incidents, are not deemed severe enough for the defendant's offense, by the court or jury trying the case, then the case falls within the provisions of the indeterminate sentence law, or the reformatory act, according to the age of the defendant, he being a male person. *Hicks* v. *State, supra.* It was held in that case that it was the duty of the trial court to properly instruct the jury, in such a case, if a jail sentence, together with its incidents, was as severe punishment as the defendant's offense deserved, they should return their verdict precisely as if the indeterminate sentence law or the reformatory act had never been passed, and if such jail sentence, with its incidents, was not as severe a punishment as the defendant, under all the circumstances, deserved, that their verdict should be framed in accordance with whichever of those acts applied to the case.

In the absence of a showing by the record to the contrary, as is the case here, the law requires us to presume that the court did so correctly instruct the jury in this case; and, having been so correctly instructed, they returned a verdict reading thus: "We, the jury find the defendant guilty as charged in the indictment; and we further find that he is 32 years of age." Presuming, as we must, that the jury were properly instructed, this verdict makes the case fall within the indeterminate sentence law. And the circuit court accordingly rendered judgment thereon for a fine of one dollar, and imprisonment in the State

prison for not less than one nor more than three years, and disfranchised and rendered the defendant incapable of holding any office of trust or profit for one year, and for costs.

The motions for a *venire de novo* and in arrest of judgment were on the ground that the verdict was defective in not fixing the punishment, and the motion for a new trial was on the ground, among others, that the verdict was contrary to law. The objection mentioned to the verdict is the only one urged under all three of these motions. Such a verdict is expressly authorized, as we have recently held, under both of the acts mentioned; and we have affirmed the validity of both of said acts. *Miller* v. *State,* 149 Ind. 607. There appearing in the record no error, the judgment must be, and is, affirmed.

Jordan, J., took no part in this decision.