STATE OF MISSOURI, RESPONDENT, v. JOHN DAVENPORT, APPELLANT.[*]

In the Springfield Court of Appeals. Opinion filed August 13, 1927.

38

*Corpus Juris-Cyc. References: Breach of the Peace, 9CJ, p. 392, n. 88, 93; Criminal Law, 17CJ, p. 264, n. 89.

*E. A. Mason* for appellant.

*S. P. Dalton,* Prosecuting Attorney, for respondent.

BRADLEY, J.—Defendant was convicted of disturbing the peace and appealed. Information was filed in Cape Girardeau county, but the venue was changed to Scot county.

It is charged that defendant on December 19, 1923, in Cape Girardeau county wilfully and unlawfully disturbed the peace of Arthur Loos and Anna C. Loos by then and there using offensive and indecent conversation and by quarreling, threatening and challenging, etc.

This prosecution had its origin in the ancient and prolific source of controversy and trouble, a line fence, and after the lapse of many moons and after some usual and some unusual vicissitudes of his troubles and after the accrual of hundreds of dollars costs defendant was fined by a jury of his peers the minimum prescribed, to-wit, one dollar.

Defendant and Arthur Loos lived on adjoining farms, but discord and disagreement about a line fence came upon them and then spite, a lawsuit, more spite, and then this prosecution. In the early morning of December 16, 1923, defendant accompanied by a boy was engaged in driving stakes along what defendant considered the line and in doing so was approaching the house of the prosecuting witness Arthur Loos. When defendant had arrived at a point about eight or ten rods distant from the house, the prosecuting witness, Arthur Loos, in company with his wife's uncle, appeared and later the wives of both defendant and the prosecuting witness. The war of words waged long and vigorously, but no blood was shed, and the only good thing resulting was that it was no worse than it was. In this particular the facts may be distinguished from many another controversy over a line fence.

In the motion for a new trial defendant makes numerous assignments of error but many of them, under section 4079, Revised Statutes 1919, as amended in 1925, Laws 1925, page 198, are not sufficient to preserve for review the points made. Such in effect was conceded on oral argument. What is required in a motion for a new trial in a criminal case, under section 4079 as amended, is considered somewhat at length in State v. Standifer, 289 S. W. (Mo. Sup.) 856. [See, also, State v. Vesper, 289 S. W. (Mo. Sup.) 862.]

However, we think that the motion for a new trial is sufficiently specific to preserve for review some of the assignments, and among

them these: (1) That the evidence is not sufficient to support the verdict; (2) that the court erred in admitting in evidence over objection and exception that defendant sent for a shot gun; and evidence of language alleged to have been used by the wife of the defendant to the prosecuting witnesses, the wife of defendant not being charged in the information and there being no evidence of a conspiracy or that she was ecting under the control of defendant; and (3) that the court erred in excluding evidence offered by defendant of an attack made by the prosecuting witness Arthur Loos upon defendant in the town of Oak Ridge in November, 1923, three weeks before the alleged offense charged in the information.

It would serve no useful purpose to set out at length the evidence. Learned counsel for defendant in his summary of facts appearing in the brief states that various ''witnesses testified on behalf of the State, all tending to show that defendant was the aggressor and disturbed the peace of the complaining witnesses.'' The prosecuting witnesses, so the jury found, were within the peace themselves when the trouble began. There is much to the contrary, but there being conflict on this issue the verdict is conclusive.

Was it error to admit the alleged incompetent evidence as specified in the motion? During the war of words defendant told Lester Jackson, the boy with him, to go to defendant's house and get a gun. The boy went, but defendant's wife would not permit him to get the gun. According to the prosecuting witnesses defendant made many threats during the trouble and the sending for the shot gun was during the controversy. Prosecuting witness Arthur Loos testified that defendant during the controversy said to Lester Jackson: ''Lester, you go to the house and get the gun; I am going to shoot those God damn sons of bitches if they don't get out,'' and that he, Loos, then said: ''John you don't aim to shoot nobody;'' the defendant then said: ''Yes, sir, I aim to shoot you God damn Dutch sons of bitches.'' Defendant was charged with disturbing the peace by threatening and this evidence was competent besides it went in without objection.

As to the evidence of what defendant's wife said and did it appears from the evidence of the prosecuting witnesses that defendant called his wife and after she arrived he frequently directed her to do many things to the prosecuting witnesses. We are clear that there was no error in admitting in evidence what defendant's wife said and did.

Defendant endeavored to establish that on an occasion about three weeks prior to the commission of the alleged offense the prosecuting witness Arthur Loos attempted to assault him, but such evidence was excluded. Counsel then made this offering: ''I offer to show that in the month of November, approximately three weeks before the date of the occurrence as set out in the information, the prosecuting witness (Arthur Loos) in the town of Oak Ridge attempted to

assault him (defendant) with a club, and that when he, the defendant, was warned by the outcry of defendant's wife, that the prosecuting witness (Arthur Loos) at that time said: 'You God damn old fool, if you had kept your mouth shut, I would have got him, but I will get him yet.'"

This offering was excluded on the ground that it constituted no defense. The principal defense was that the prosecuting witnesses were not within the peace and that, therefore, they had no peace to be disturbed. The record shows that an unfriendly feeling had existed between the prosecuting witness Arthur Loos and defendant for a long time prior to the alleged offense, and the evidence was offered on the theory that it would tend to show that the prosecuting witness Arthur Loos was prompted by hostile motives to leave his house and go where defendant was staking out what he considered the line, and that he did not go with the repose of mind and peaceful intent which he claims. In State v. Atkins, 59 Atl. (Va.) 826, defendant was charged with a breach of the peace by intentionally driving his wagon against the carriage in which the prosecuting witness was riding in the public highway. The defendant's evidence tended to show that the prosecuting witness intentionally drove her carriage against defendant's wagon. Defendant offered evidence of threats of violence against him by the prosecuting witness on several prior occasions as showing her animosity towards him and as tending to show she was the aggressor. This evidence was excluded, and the ruling was held to be reversible error. In support of this ruling the court cited Stokes v. People, 53 N. Y. 164, 13 Am. Rep. 492; Leverich v. State, 105 Ind. 277, 4 N. E. 852; Wharton's Cr. Ev., sec. 757. [See, also, 9 C. J. 392.] We find no case directly in point in our own jurisdiction, but the reasoning in State v. Atkins, supra, is sound and we adopt it. We have many cases, however, involving assaults and homicides recognizing the competency of evidence of threats and previously attempted assaults and we think that such cases support the competency of the evidence excluded here.

Defendant also made this offering: "Now comes the defendant and offers the evidence of Silver Hall. Said Silver Hall will testify, if permitted, that in the city of Oak Ridge in the month of November, 1923, only three weeks before the occurrence alleged in the information, Arthur Loos on the steps of a store out at Oak Ridge said to defendant Davenport, 'God damn you, are you hunting trouble? I am;' and that he (Loos) made a threatening motion in the direction of John Davenport."

This offering was excluded. For the same reason above stated it was error to exclude this evidence. Defendant in his motion for a new trial, however, did not sufficiently preserve for review the assignment based on the exclusion of the last mentioned offering, but in view of another trial we rule on the assignment.

It is not necessary to rule on the other assignments preserved for review as such alleged errors will not likely again occur. The judgment should be reversed and cause remanded and it is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.