THE STATE OF KANSAS V. CALVIN H. GRAHAM.  Appeal by *The State* from District Court of Coffey County. *A. M.* *F. Randolph*, county-attorney, for the State; *Silas Fearl*, and *R. M. Ruggles*, for the Defendant.

THE STATE OF KANSAS V. SIDNEY S. SMITH.  Appeal by *The State* from District Court of Cherokee County. *W. H. Whiteman*, county-attorney, and *Blair & Hill*, for the State; *McComas & McKeighan*, and *H. G. Webb*, for the Defendant.

These two cases were heard and considered in this court in connection with the preceding case of *The State v. George S. Smith*, but no separate opinion was written except the brief one reversing the judgments, *infra*.  *Graham* was county treasurer of Coffey county, and *Sidney S. Smith* was county treasurer of Cherokee county, and each was prosecuted by information for embezzlement.  The information against *Graham* was filed on the 23d of February 1874, and the charging part thereof is as follows:

"That on or about the tenth day of November, 1873, in the said county of Coffey, in the state of Kansas aforesaid, and within the jurisdiction of this court, the above-named Calvin H. Graham, being then and there an officer of a certain incorporation, to-wit, being then and there the county treasurer of the said county of Coffey — the said county being then and there an incorporation duly organized and existing under the laws of the state of Kansas — certain moneys, of the amount of $12,127.19, and of the value of $12,127.19, and then and there belonging to said county of Coffey, and being then and there moneys, goods, property and effects belonging to said county, which said moneys had theretofore come into the possession and under the care of him the said Calvin H. Graham by virtue of his said office of county treasurer of said county, and in discharge of the duties thereof, did, without the assent of the said county of Coffey, unlawfully, fraudulently and feloniously embezzle and convert to his own use, contrary to the form of the statute in such

case made and provided, and against the peace and dignity of the state of Kansas."

The defendant *Graham* moved to quash said information for the following reasons:

"1st, That the said information does not state facts sufficient to constitute a public offense;

"2d, That said information is not direct or certain as to the offense charged;

"3d, That said information does not state the facts claimed to constitute the offense attempted to be therein charged in plain and concise language, without repetition."

The court below, at the May Term 1874, sustained said motion and quashed said information, and adjudged that the defendant go hence without day — to which ruling and judgment *The State* excepted, and brought the case here by appeal.

— The information against *Sidney S. Smith* was filed on the 16th of June, 1873. The charging part thereof is as follows:

"That while so being and acting as such county treasurer as aforesaid, and on the second day of July, 1872, at the county of Cherokee aforesaid, he the said Sidney S. Smith, (then being over the age of sixteen years,) willfully, unlawfully, wrongfully, fraudulently, corruptly and feloniously, did embezzle and convert to his own use, without the assent of said county of Cherokee, and without the assent of the board of county commissioners thereof, certain moneys and property belonging to said county of Cherokee, to-wit, United States treasury notes, of various denominations, to the amount of five thousand dollars, and of the value of five thousand dollars; national bank notes, of various denominations, to the amount of five thousand dollars, and of the value of five thousand dollars; gold coin of the United States, of various denominations, to the amount of three thousand dollars, and of the value of three thousand three hundred dollars; silver coin of the United States, of various denominations, to the amount of one thousand dollars, and of the value of one thousand dollars, all of which said treasury notes, national bank notes, and gold and silver coin, were then and there the property, moneys, goods and chattels of the said county of Cherokee, and which said property and money at and before the time of the said embezzlement and conversion thereof, as

aforesaid, by said Sidney S. Smith, had come into the hands and possession of the said Sidney S. Smith as county treasurer as aforesaid, and by virtue of his said office of county treasurer of said county of Cherokee, contrary to the statutes in such case made and provided, and against the peace and dignity of the state of Kansas."

A motion to quash said information was filed by the defendant, stating grounds therefor, as follows:

"1st, That said information does not state facts sufficient to constitute a public offense;

"2d, That section 88 of chapter 31 of the General Statutes of the state of Kansas is repealed, and was repealed by the legislature of said state before the institution of this proceeding;*

"3d, That the provisions of law defining and punishing embezzlement in the state of Kansas, did not and do not affect or include public officers."

The district court, at the June Term 1873, sustained said motion to quash, and made an order discharging the defendant. *The State* appealed.

*By the Court,*

KINGMAN, C. J.: For the reasons stated in the case of *The State v. George S. Smith,* just decided, each of the above entitled cases is reversed, and remanded for further proceedings.

All the Justices concurring.

[*THE information charges the offense to have been committed July 2, 1872. The information was filed June 16, 1873. On the 6th of March, 1873, said ₴88 was *amended* by ₴1, and *repealed* by ₴2, of ch. 83, laws of 1873; (Laws of 1873, pp. 177, 178.) But this court has repeatedly decided that the repeal of a statute does not affect any right which accrued nor any penalty which was incurred under or by virtue of the statute repealed: 9 Kas., 569; 10 Kas., 113; 11 Kas., 32; 12 Kas., 512.]