## Ross *v.* Glass, Administrator.

Summons.—*Return Day in Vacation.—Motion to Set Aside.—Irregularity.*— An otherwise regular summons was issued in vacation, returnable prior to the meeting of the next term of court, as directed by the *præcipe*, and was duly served more than ten days prior to its return day.

*Held*, on a motion by the defendant to have such summons and the service thereof set aside, that, under section 37, 2 R. S. 1876, p. 49, the motion was properly overruled.

From the Decatur Circuit Court.

*J. D. Miller* and *F. E. Gavin*, for appellant.
*C. Ewing* and *J. K. Ewing*, for appellee.

NIBLACK, J.—The complaint in this case was by James C. Glass, administrator of the estate of Robert Ross, against Wilson Ross, upon a promissory note, executed by him to the said Robert Ross, in his lifetime, and was filed on the 12th day of October, 1877.

There was an indorsement on the complaint, made by the attorneys for the plaintiff, as follows :

" The clerk will issue summons returnable Monday, October 29th, 1877.		" C. & J. K. EWING."

Immediately after, and upon the same day of, the filing of the complaint, a summons was issued for the defendant, commanding him " to appear in the Decatur Circuit Court, before the judge thereof, on the 29th day of October, 1877, at the court in Greensburgh, to answer the complaint."

The sheriff made return to the summons as follows: " Served by reading to, and within the hearing of, Wilson Ross.	October 16th, 1877.".

On the 21st day of November, 1877, which was on the third judicial day of the November term, 1877, of the court below, the defendant entered a special appearance to the action, and moved the court to set aside the summons, and the service thereof, for the reason that the return day named in the summons was in vacation of the court. The motion was overruled, and thereupon, on failure of the defendant to enter a full appearance to the action, judgment was entered against him by default.

The only question before us is, did the court err in refusing to set aside the summons, and the service thereof, as above stated ?

The precedents, as well as the statutes relating to such writs, clearly contemplate that a summons shall be made returnable at or during a regular term of the court out of which it is issued, but section 37 of the code, 2 R. S. 1876, p. 49, provides that " No summons, or the service

thereof, shall be set aside, or be adjudged insufficient, where there is sufficient substance about either to inform the party on whom it may be served, that there is an action instituted against him in court." The summons in this case was evidently sufficient to inform the appellant that an action had been instituted against him in the court below by the appellee. Being to that extent sufficient, the section of the code, above set out, fully sustained the court in refusing to set both it, and the service of it, aside, on account of the irregularity in the day of its return. No other construction of that section can, we think, be reasonably given.

The judgment is affirmed, with costs.