Hollingsworth v. The State.

No. 13,832.

## HOLLINGSWORTH v. THE STATE.

| | |
|---|---|
| 111 | 289 |
| 111 | 442 |
| 113 | 239 |
| 114 | 270 |
| 115 | 502 |
| 111 | 289 |
| 135 | 454 |
| 111 | 289 |
| 141 | 278 |
| 111 | 289 |
| 150 | 392 |
| 111 | 289 |
| f167 | 352 |

OFFICE AND OFFICER.—*New Bond.*—*Power of Circuit Judge to Require.*—*Declaring Vacancy*—The act of 1852, conferring certain powers upon the judge of the court of common pleas relative to requiring new bonds from public officers, declaring vacancies, etc., since such court has been abolished, is applicable to the circuit court. Section 5538, *et seq.*, R. S. 1881.

SAME.—*County Treasurer.*—*Sureties.*—*Release from Bond.*—*Failure to Give New Bond.*—*Vacancy.*—Where the sureties in the bond of a county treasurer petition the judge of the circuit court to be released therefrom, such judge may, after proper notice to the treasurer, and a failure on his part to furnish an additional bond, as required by the statute, declare the office vacant.

CRIMINAL LAW.—*Embezzlement.*—*County Treasurer.*—*Indictment.*—*Description of Funds.*—Under the act of 1883 (Acts of 1883, p. 106) it is not necessary to the sufficiency of an indictment charging a county treasurer with embezzlement that it should contain a particular description of the different funds embezzled, *i. e.*, whether county funds, school funds, etc.

SAME.—*Proceedings Declaring Vacancy.*—*Admissibility in Evidence.*—*Defective Summons.*—Upon the trial of a county treasurer, charged with embezzlement, proceedings before the circuit judge, upon petition of his sureties, wherein the office is declared vacant, are admissible in evidence, notwithstanding the summons in that proceeding did not state where the petition would be heard. If such a statement is required under sections 5538 and 5545, R. S. 1881, its omission is a mere irregularity, not available collaterally.

SAME.—*Affirmative Showing of Error.*—An objection to the admission in evidence of the order of the judge declaring the office of treasurer vacant, on the ground that no record of the proceedings appears to have been made, is not available unless it affirmatively appears that such record was not made.

SAME.—*Instructions.*—*Bill of Exceptions.*—*Supreme Court.*—The mere act of the clerk in copying into the transcript what purport to be instructions given by the court, but which are not made part of the record by a bill of exceptions or otherwise, does not present them in a manner authorizing consideration by the Supreme Court.

SAME.—*Excluding Documentary Evidence.*—*Showing of Error.*—The Supreme Court can not determine that there was error in ruling out offered documentary evidence if the instruments excluded are not in the record.

VOL. 111.—19

SAME.—*Embezzlement by County Treasurer.—Demand not Necessary to Establish.* —A demand upon a retiring county treasurer by his successor for the funds remaining in his hands is not necessary in order to establish a conversion and embezzlement of such funds.

SAME.—*Evidence.—Voluminous Records.—Expert Accountants.*—In a prosecution for embezzlement, or other crime, where the books, records, papers, and entries are voluminous, and of such a character as to render it difficult for the jury to arrive at a correct conclusion as to amounts, expert accountants may be allowed to examine such books, etc., and testify to the result.

From the Knox Circuit Court.

*J. S. Pritchett, W. H. De Wolf, S. N. Chambers* and *E. H. De Wolf,* for appellant.

*L. T. Michener,* Attorney General, *J. C. Adams,* Prosecuting Attorney, *J. H. Gillett* and *W. F. Townsend,* for the State.

ZOLLARS, C. J.—It is charged in the indictment that appellant was elected treasurer of Knox county in 1884, for the term of two years, ending on the 13th day of November, 1886; that he gave bond, qualified and served as such treasurer until the 8th day of May, 1886; that, on the 27th day of April, 1886, the sureties on his official bond petitioned the judge of the Knox Circuit Court, in writing, to be released therefrom; that the judge, on that day, caused a summons to be served on appellant commanding him to appear ten days thereafter, and give additional bond with sureties; that the summons having been served and returned, and appellant having failed to execute a new bond with sureties at the time set for the hearing, the judge declared the office of treasurer vacant, and notified the Governor; that, on the 19th day of May, 1886, Charles S. Mathesie entered upon the discharge of the duties of treasurer for the unexpired term, having been appointed as such treasurer by the board of commissioners of Knox county; that at the time the office was declared vacant by the judge, appellant had in his hands $75,000 of the money which he had received by virtue of the office of treasurer during the term he served as such; that, on the 20th day of May, 1886,

Mathesie, treasurer as aforesaid, demanded of appellant the $75,000, and demanded of him to pay over or account for all the moneys which had come into his hands by virtue of the office; that appellant fraudulently failed and refused, and has ever since failed, to pay over or account for the $75,000, or any part of it, etc.

Appellant questioned the sufficiency of the indictment for the first time by a motion in arrest of judgment.

It is contended, in the first place, that the indictment is bad because it shows upon its face that appellant's term of office had neither expired nor been terminated at the time Mathesie was appointed, nor at the time the indictment was found and returned. This contention rests upon the further contention that the judge of the circuit court had no authority to hear the application of the sureties, nor to declare the office vacant. The act authorizing such a procedure was passed in 1852. 1 R. S. 1876, p. 190. The first section provided, that when the sureties in an official bond of any officer might remove from the State, or become insufficient, the clerk of the court of common pleas, on his own motion, or upon the affidavit of a person competent to vote for such officer, should issue a writ to the sheriff, commanding the officer to appear before the judge of the court of common pleas, ten days after the service of such process, at the court-house of the county, to answer such complaint, etc.

The second section provided that such clerk, on return of the process served, should notify such judge of the time and place of hearing.

Section three provided that, at the time set therefor, such judge should hear and determine such complaint, and, if deemed proper, might require a new bond with sufficient additional sureties to be executed and filed within ten days.

Section four provided that, if the bond should not be filed within the required time, such judge might declare the office vacant.

Section five provided that either party might appeal from the decision of such judge to the circuit court of the county.

Section six provided that, upon the hearing, the circuit court might require a new bond to be filed, with sureties to the acceptance of such judge of the court of common pleas.

Section seven provided that, if the order of the court was not complied with, such judge should declare the office vacant.

Section eight provided, that whenever any sureties in an official bond should petition "such judge" in writing to be released therefrom, he should cause a summons to be personally served on the officer complained of, by the sheriff, commanding him to appear before such judge ten days after the service thereof, and give additional bond and sureties.

Section nine provided that the clerk, upon the return of the summons, should notify the judge of the court of common pleas as in section two.

Section ten provided that, if the officer failed to give such additional bond or sureties on the day set for hearing such complaint, such judge should declare his office vacant.

The sections following, each prescribed duties to be performed by the judge of the court of common pleas.

It will be noticed that the proceeding provided for was to be conducted before, and by, the judge of the common pleas court, except where an appeal was taken to the circuit court. So far as we have been able to discover, the act has not been amended, nor the language changed by any direct act of the Legislature. The revisers inserted the act in the revision of 1881. R. S. 1881, section 5538, et seq. They seem to have substituted judge of the circuit court, and clerk of the circuit court, in place of judge of the court of common pleas, and clerk of the court of common pleas, in the original act. Their substitution, of itself, of course, did not, and could not, operate as an amendment or change of the act. To be made available now, however, the act must be read as the revisers have made it read. May it, under any act of the

Legislature, be so read, and made applicable to the circuit court? We think it may. In 1873 the courts of common pleas were abolished, and the circuit courts remodeled. The act provided, amongst other things, that "Such circuit courts, in addition to the jurisdiction heretofore exercised by them, shall also have the same jurisdiction that has heretofore been exercised by the courts of common pleas; *and all laws and parts of laws concerning said courts of common pleas shall be hereafter construed to mean and apply to said circuit courts, so far as the same may be applicable.*" All writs, subpœnas, publications and process of whatever kind in the courts of common pleas were made returnable to the circuit courts, the same as if they had issued out of those courts. R. S. 1881, sections 1335, 1336. That act, we think, made the above act of 1852 "to mean and apply" to the circuit courts. While, in the act of 1852, duties and powers were prescribed to be performed and exercised by the judge of the court of common pleas, the act was yet an act concerning courts of common pleas. The powers and duties were devolved upon the judge, not as an individual, but as the judge of the court. If, at the time the common pleas court ceased to exist, a writ issued upon the complaint of sureties had been in the hands of the sheriff, we think that, without doubt, it should have been returned to the circuit court. It has not been directly adjudicated that the above act of 1852 is applicable to the circuit courts, but we have a case which was decided upon the assumption that it is so applicable. *Harvey* v. *State, ex rel.,* 94 Ind. 159.

It is apparent, also, aside from the act of 1873, *supra,* that the Legislature intended that the above act of 1852 should be applicable to the circuit courts, and did not consider it necessary to amend the act by inserting judge and clerk of the circuit court, instead of judge and clerk of the court of common pleas. The act abolishing the common pleas court was approved March 6th, 1873. The Legislature that passed that act also passed an act, approved on March 8th, 1873,

amending the fifteenth section of the above act of 1852. That amendment was enacted upon the assumption that the proceeding provided for in the act might still be had, notwithstanding the abolition of the common pleas court; for, as amended, the section provides that the county board may direct the clerk of the circuit court to institute the proceeding under the act for new official bonds and additional sureties.

It is further insisted that the funds charged to have been embezzled should have been particularly specified, whether county funds, school funds, etc., and that the indictment is bad for want of such particular description.

The act of 1883 (Acts 1883, p. 106) provides that it shall be the duty of the treasurer of each of the several counties receiving money in his official capacity, at the expiration of his term of office, to pay over to his successor in office all moneys of every description, to whomsoever due, remaining in his hands at the expiration of such term, and that any treasurer so failing to pay over such moneys shall be deemed guilty of embezzlement. The contention of counsel is fully met and overthrown by the cases of *People* v. *McKinney*, 10 Mich. 53, *State* v. *Smith*, 13 Kan. 274, and *State* v. *Graham*, 13 Kan. 299.

It may be observed, in passing, also, that the assault upon the indictment is subsequent to the verdict. *Trout* v. *State*, 107 Ind. 578.

In support of the motion for a new trial below, it is insisted that the court erred in admitting in evidence the proceedings resulting in the vacation of the office of treasurer by the circuit judge. One point urged is, that the summons in that proceeding did not fix any place where the complaint or application of the sureties would be heard.

Section 1 of the act (section 5538, R. S. 1881), under which new bonds may be required when the sureties have moved from the State or become insufficient, provides that a writ

shall be issued, commanding the officer to appear before the judge of the court at the court-house, etc.

Section 8 (section 5545, R. S. 1881), under which sureties in official bonds may institute the proceeding to be released therefrom, provides that a summons shall be served upon the officer, commanding him to appear before the judge ten days after the service ; but it does not require that the summons shall contain a statement that he shall appear at the court-house. But, conceding that the summons ought to contain such a statement, its omission would be, at most, but an irregularity, which would not affect the validity of the proceeding, coming in question collaterally, as it does here. *Ross* v. *Glass*, 70 Ind. 391 ; *Dunkle* v. *Elston*, 71 Ind. 585 ; *Morgan* v. *Woods*, 33 Ind. 23 ; *McMullen* v. *State, ex rel.*, 105 Ind. 334.

The service of the summons for the purposes of this case, we think, was sufficient. The return of the sheriff was: " Came to hand April 27th, 1886 ; and, as commanded, I served this summons to, and in the hearing of, Spear S. Hollingsworth, within named treasurer of Knox county, the 27th day of April, 1886." For the word " served " the word " read " was evidently meant.

It is contended that the order of the judge declaring the office of treasurer vacant should not have been admitted in evidence, because no record appears to have been made of the proceedings. In answer to that it is sufficient to say, that it does not appear that a record of the proceedings was not made. The State offered and read in evidence the petition of the sureties, the summons, the return thereon, and the final order of the court declaring the office vacant. No objections were made on the ground that the several papers and the final order were not the papers and final order in the proceeding.

For aught that is made to appear, the whole proceeding may have been made a matter of record in the order-book of the court; and for aught that is made to appear, the final

order may have been read to the jury from that book.    It is well settled, that this court will not reverse a judgment unless the record affirmatively shows that error intervened below.    *Cline* v. *Lindsey*, 110 Ind. 337.

It is not necessary for us to here decide what, if any, order-book entries should be made in a proceeding by sureties to be released from official bonds.

It is insisted on the part of appellant that the instructions given by the court were erroneous.    It is contended on the part of the State that the instructions are not properly in the record, and, hence, can not be considered by this court. That contention can not be disregarded.    The clerk has copied into the record what purport to be instructions given by the court, but there are no instructions in the bill of exceptions.    *Leverich* v. *State*, 105 Ind. 277.

It is further contended that the court below erroneously excluded certain deeds executed by appellant, by which he conveyed in trust, for the security of his bondsmen, an amount of property sufficient in value to meet any balance that might be due from him.

The deeds, if any there were, are not in the record, and hence this court can not say that there was error in the ruling below, even if such deeds could in any event have been available to appellant for any purpose.    It has been many times ruled, that this court can not determine that there was error in ruling out offered documentary evidence where the offered instruments are not in the record.    *Hopper* v. *Lucas*, 86 Ind. 43 (52).

It is insisted still further, that the judgment should be reversed for the reason that there was no evidence that appellant's successor in office made a demand upon him for the funds.    Such a demand was not necessary in order to establish a conversion and embezzlement of the funds.    *State* v. *Mason*, 108 Ind. 48;    *Commonwealth* v. *Tuckerman*, 10 Gray, 173;    *Commonwealth* v. *Hussey*, 111 Mass. 432.

But one question remains.    Two expert accountants who

Hollingsworth v. The State.

had made an examination of the books, records, papers and files of the treasurer's office, covering the time appellant was treasurer, were allowed to testify and to state the totals of the amounts received and paid out by appellant as such treasurer, as shown by such books and records.

It is conceded by appellant's counsel, that in civil actions where, as here, the books, records, papers and entries are voluminous and multifarious, and of such a character as to render it difficult for the jury to arrive at a correct conclusion as to amounts, expert accountants may be allowed to examine such books, etc., and to give to the jury the result of their examination and investigation.

Some doubt is intimated as to whether or not such testimony should be allowed in criminal prosecutions, and it is said that, if allowed at all in such cases, it should be with the greatest caution. There should be caution in all cases, but we can think of no principle which would admit such testimony in civil cases and exclude it in criminal prosecutions.

The main objections urged to the testimony in the brief in behalf of appellant are, that the books, records and papers, from which the accountants got the data upon which they computed the amounts stated by them, were not sufficiently identified, and were not such as the law requires shall be kept.

We have examined the evidence, and have no hesitancy in holding that the identification was sufficient, in the absence of any countervailing testimony on the part of appellant.

The statement of counsel that the books, etc., examined by the accountants were not such as the law requires to be kept, unsupported as it is by the citation of any authorities or any attempt at argument, does not require that this opinion should be extended to specify in detail the books, etc., so examined. It is sufficient, in answer to that statement, to say, that in our judgment the books, etc., so examined were the

proper sources from which to derive the data upon which to compute the amounts received and paid out by appellant.

Some other questions are suggested in the brief of appellant's counsel, but they are not supported by any argument, or attempt at argument, nor by the citation of any authorities. Such suggestions or statements do not fill the requirements of the rules of this court upon the subject of briefs. It has been many times held by this court that without a brief substantially as required by the rules, alleged errors will not be passed upon. *Liggett* v. *Firestone,* 102 Ind. 514; *Pratt* v. *Allen,* 95 Ind. 404; *Northwestern Mut. Life Ins. Co.* v. *Hazelett,* 105 Ind. 217; *Landwerlen* v. *Wheeler,* 106 Ind. 523.

Some irregularities, perhaps, intervened in the trial below, but upon an examination of the whole case, it is apparent that they did not affect the substantial rights of appellant.

The statute makes it the duty of this court, in the consideration of questions which are presented upon an appeal in a criminal cause, to disregard technical errors or defects, or exceptions to any decision or action of the court below, which did not, in the opinion of this court, prejudice the substantial rights of the defendant. Section 1891, R. S. 1881; *Dukes* v. *State,* 11 Ind. 557; *Myers* v. *State,* 101 Ind. 379; *Stout* v. *State,* 96 Ind. 407; *O'Connor* v. *State,* 97 Ind. 104; *Thomas* v. *State,* 103 Ind. 419 (437).

That appellant was short in his accounts there can be no question, upon the evidence in the record. Some of the witnesses testified to his admissions of that fact. Upon the trial he made no effort to contradict that testimony, nor did he attempt in any way to meet the case made by the State, by showing that he had received less than the amounts shown by the State's evidence, or that he had paid out more than the amounts shown by that evidence. That, upon the evidence in the record, appellant was guilty of embezzlement under the statute there can be no doubt.

The record, we think, presents no error for which this court should reverse the judgment.

Judgment affirmed.

Filed June 18, 1887.