AXTELL ET AL. *v.* WORKMAN.

[No. 2,122.    Filed March 9, 1897.]

APPEAL AND ERROR.—*Assignment of Errors.—Complaint.*—An assignment of the insufficiency of the complaint as error is unavailing if one paragraph of the complaint is sufficient.  *p. 153.*

PROCESS.—*Service of Summons.—Indorsement on Complaint.—Statute Construed.*—Where plaintiff's indorsement on his complaint, as provided by section 524, Burns' R. S. 1894, fixing the day on which defendant shall be summoned to appear, is so defective as not to be within the permission given by the statute, yet the clerk accepts it as a sufficient indorsement, and acts upon it as such in the issuing of the summons, the action will be deemed to have commenced.  *pp. 154–161.*

From the Greene Circuit Court.  *Affirmed.*

*Seymour Riddle,* for appellants.

*W. F. Gallemore,* for appellee.

BLACK, J.—Counsel for appellants have argued two alleged errors specified in the assignment,—that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling the motion of the appellants to set aside the summons and the service thereof.

The action was upon a promissory note assigned by indorsement in writing by the payee to the appellee. The complaint consists of two paragraphs, without any apparent reason for more than one.

A copy of the note with a copy of the assignment was inserted between these paragraphs and was referred to in each as being filed therewith, and made part thereof. In the first paragraph this exhibit was designated as "Exhibit No. 1;" in the second paragraph it was designated as "Exhibit A."

In the brief for the appellants it is said that the exhibit was not marked either as "Exhibit No. 1," or as "Exhibit A," but this statement is not confirmed by the record, in which the exhibit is marked at the head thereof, "Exhibit A."

Upon the assumption that the exhibit was merely filed, and was not marked as an exhibit, counsel contends that the effect is the same as if there were no copy in the record; and upon such ground alone the sufficiency of the complaint is questioned for the first time in this court.

An assignment of insufficiency of the complaint as error is unavailing if one paragraph of the complaint is sufficient.

It being unnecessary to decide more than is presented for decision, it is enough to say that the exhibit

was marked as indicated in one paragraph of the complaint.

The complaint was filed on the 11th day of May, 1895, in term time, bearing an indorsement signed by the plaintiff's attorney as follows: "Clerk will set this cause of action down for answer and trial on the 26th judicial day of the present April term of this court, the same being the 21st day of May, 1895."

The summons was issued and served on the day on which the complaint was filed, and by it the defendants were commanded to appear on the 21st of May, 1895.

On the 22d of May, 1895, the twenty-seventh judicial day of said term, the appellants entered a special appearance and moved to set aside the summons and the service thereof. This motion was based solely upon grounds which questioned the sufficiency of the indorsement, above set out, upon the complaint.

The motion was overruled and afterward judgment was rendered against the appellants on default.

The statute, section 316, Burns' R. S. 1894 (314, Horner's R. S. 1896), provides, that "a civil action shall be commenced, by filing in the office of the clerk a complaint, and causing a summons to issue thereon; and the action shall be deemed to be commenced from the time of issuing the summons." It is also provided, section 319, Burns' R. S. 1894 (317, Horner's R. S. 1896), that "no summons, or the service thereof, shall be set aside, or be adjudged insufficient, where there is sufficient substance about either to inform the party on whom it may be served, that there is an action instituted against him in court, the name of the plaintiff and the court, and the time when he is required to appear."

In relation to the time when actions shall stand for issue and trial, the statute, section 524, Burns' R. S.

1894 (516, Horner's R. S. 1896), provides: "Every action shall stand for issue and trial at the first term after it is commenced, when the summons has been served on the defendant ten days, * * * before the first day of the term: *Provided, however,* that when a complaint is filed, whether before or during any term of court, the plaintiff may fix the day during such term by endorsement thereof upon the complaint at the time of filing the same, on which the defendant shall appear, which day, when so fixed, shall be stated in the summons when issued. * * * And if summons shall be personally served ten days before such day, * * * such action shall thereupon stand for issue and trial at such term, and the court shall have jurisdiction to hear and determine such action as if summons had been served * * * before the first day of the term as herein provided; and if at any time after the filing of the complaint it shall be found that any party to the action has not been properly notified, the plaintiff may file with the clerk or indorse on the complaint a written request for such notice to be given, naming therein the day of the pending or subsequent term on which such party is required to appear to the action, and summons shall be issued * * * accordingly, in the proper case as above provided," etc.

Besides filing his complaint, the plaintiff must also cause summons to issue, before the action will be deemed commenced.

The action will stand for issue and trial at the first term after the filing of the complaint and the issuing of summons, when the summons has been served ten days before the first day of that term. But the plaintiff may cause it to stand for issue and trial at a pending term, or he may cause it to so stand at the next term without service ten days before its first day,

if when he asks for summons he, by indorsement upon the complaint at the time of filing it, shall have fixed the day during such pending or next term on which the defendant shall appear, and if this day so fixed shall have been stated in the summons when issued and if the summons shall have been personally served ten days before such day.

It is insisted by counsel for appellants that the indorsement upon the complaint was not in conformity with the statute, for the reason that "nothing is mentioned in said indorsement as to a day fixed nor as to a time for the defendants to appear."

The question presented to us did not arise upon an application to be relieved from a judgment upon default, nor did it originate in a refusal of the clerk to state in the summons, when issued, as the day for the defendant to appear, the same day that was designated in the indorsement. The clerk treated the indorsement as sufficiently fixing a day for appearance and issued a summons in which the defendant was commanded to appear on that day.

The statute does not prescribe any particular form of indorsement. It is sufficient if it can properly be construed as a direction to the clerk to state in the summons a particular appearance day in the pending term or the first term after the filing of the complaint. If the summons be not personally served ten days before such day, the cause would not stand for issue and trial at the term in which a day was so fixed.

The indorsement on the complaint in this cause was elaborate but not in good form, yet the clerk took it as a direction to state in the summons the day mentioned in the indorsement, and, in issuing the summons, stated that day therein as the day on which the defendants should appear. The summons was served ten days before the day so designated in the

indorsement and in the summons. If the indorsement can properly be regarded as so far a failure to conform to the provision of the statute that the clerk might rightfully have ignored it, it may well be doubted whether the substantial rights of the appellants were affected by the action taken upon the indorsement.

In *Briggs* v. *Sneghan,* 45 Ind. 14, the court said: "If the summons has been served ten days before the first day of the term, the case stands for issue and trial. If the summons has been served, but not ten days before the first day of the term, the cause will be continued until the next term. In such case no new process or service thereof is required."

Where an indorsement upon a complaint directed the clerk to issue summons returnable on a day in vacation, and the summons was made returnable on the day so indicated, and it was served more than ten days prior to said day, and a motion, made upon special appearance, to set aside the summons and the service thereof, because the return day named in the summons was in vacation, was overruled, the court on appeal, quoting the statutory provision, that "no summons or the service thereof shall be set aside, or be adjudged insufficient, where there is sufficient substance about either to inform the party on whom it may be served, that there is an action instituted against him in court," said: "The summons in this case was evidently sufficient to inform the appellant that an action had been instituted against him in the court below by the appellee. Being to that extent sufficient, the section of the code, above set out, fully sustained the court in refusing to set both it, and the service of it, aside, on account of the irregularity in the day of its return." *Ross* v. *Glass,* 70 Ind. 391.

*Eastes* v. *Eastes,* 79 Ind. 363, was a suit for divorce.

At the time of its institution the statutory provision above mentioned, relating to the fixing of a day for the appearance of the defendant by indorsement on the complaint, did not extend to suits for divorce. The complaint for divorce was filed during the September term, 1879. There was an indorsement upon it directing the clerk to issue summons returnable on the 24th of October, 1879. There was no appearance until the January term, 1880. In that term the defendant entered a special appearance and moved to quash the summons. This motion was overruled.

The Supreme Court, having referred to the provision of the statute regulating divorces, that "the cause shall stand for issue and trial at the first term of the court after the summons has been personally served upon the defendant ten days, or publication has been had for thirty days, before the first day of such term," 2 R. S. 1876, p. 329; section 1049, Burns' R. S. 1894 (1037, R. S. 1881), said: "But we do not agree with appellant's counsel in his conclusion, that, because the summons in this case was issued in term time and made returnable to a future day in the same term, it was therefore inoperative and wholly void. * * * It has always been the law, in a free country, that the courts were open at all times for the institution of suits, as well in term time as in vacation; and where, as in this case, the suit was commenced in term time, the process issued would be made returnable at that term, unless otherwise ordered. In such cases, if the process were served either before or after the close of the term, the effect of such service would be the same, namely, the continuance of the cause, by operation of law, until the next succeeding term of the court. * * * The summons and the service thereof, as it seems to us, were sufficient notice to the appellant, under the law, of the pendency of the ap-

pellee's suit for the January term, 1880, of the circuit court."

This statute providing for an indorsement upon the complaint of a fixed day for the defendant to appear is a statute relating to the time when an action shall stand for issue and trial. If the indorsement be defective, but the clerk, when he issues the summons, accept the indorsement as a sufficient direction to him to state in the summons the day mentioned in the indorsement, and state it accordingly in the summons as the day on which the defendant shall appear, and return be made by the proper officer showing personal service of the summons on the defendant by such officer, and there be no objection to the form of the summons on the return, or to the manner of the service, but objection be made only to the form of the indorsement on the complaint, can it be regarded as the purpose of the statute relating to such indorsement, or can it be considered as conducive to the proper administration of justice, to set aside the summons and the service thereof? If, in such case, the summons can be held to have been issued and served for a day at which the defendant cannot be required to appear, and when a judgment by default could not, therefore, be properly taken against him, what just and useful purpose could be subserved by requiring a new summons and the service thereof?

For the procurement of a summons at the time of the filing of the complaint a written request or precipe for a summons is not necessary, but the direction to issue summons may be oral. This is true whether or not there be an indorsement on the complaint as contemplated by the statute under consideration relating to such indorsement. The statute provides that when the complaint is filed the plaintiff may fix the day by indorsement thereof upon the complaint, on

which the defendant shall appear, which day, when so fixed, shall be stated in the summons when issued.

It is a provision for the benefit of plaintiffs,—not to enable a plaintiff to procure a summons, but to enable him in procuring it to cause to be stated therein a day fixed by himself, instead of the time which otherwise would be fixed by the law, for the defendant to appear.

Suppose that, nothwithstanding the service of the summons in this case, the appellants had wholly failed to appear until the next term of the court, at the time at which they could have been commanded to appear in a summons issued without any indorsement on the complaint, and that in the meantime there had been no proceedings had in the cause, would it be thought to be proper to quash the writ and the return?

If the indorsement should be regarded as so defective as to be not merely insufficient to require the clerk to state in the summons the day mentioned in the indorsement, but equivalent to no indorsement of any kind, then, as in *Eastes* v. *Eastes, supra,* where the indorsement on the complaint for a divorce was not provided for by statute, would not the service of the summons be good for the next term? And would not a motion made by the defendant at the next term to quash the summons and return be overruled? And if the summons and service would be good for the next term, the action would have to be regarded as commenced when the complaint had been filed and the summons had been issued; and if the action was properly commenced, and the defendants had been summoned for too early a day, the law would continue the cause to the next term, and the motion to set aside the summons and service could not be sustained at any time. The plaintiff would merely have failed to

exercise, effectively, his privilege to fix a day for the defendant to appear.

We are of the opinion that if the indorsement on the complaint can be regarded as so defective as not to be within the permission given by the statute, yet the clerk having accepted it as a sufficient indorsement and having acted upon it as such, in the issuing of the summons, there was the commencement of an action, and whether the cause should have been continued to the next term or not, the court did not err in overruling the motion to set aside the summons and service.

The judgment is affirmed.