State vs. Mathis.

No. 14,010.

STATE OF LOUISIANA VS. T. W. MATHIS.

SYLLABUS.

1. In determining the competency of a witness as an expert, called to give the result of his examination of the books and accounts of a defaulting Parish Treasurer, much discretion is allowed the trial judge, and his ruling that the witness is sufficiently qualified as an expert to testify will not be disturbed where nothing appears to show error.

2. Objection to the parol testimony of an expert, who had examined the books, as to the results of his examination, on the ground that the books themselves are the best evidence of the facts sought to be elicited, is not tenable.

3. Where written receipts for money paid over are lost or destroyed and cannot be found after diligent search, parol testimony is competent to prove the amounts so paid over.

4. It is not necessary to allege in an indictment for embezzlement from whom the money was received.

5. The question of time, in its bearing upon the charge of embezzlement, is one for the jury, and an objection to testimony relating thereto is properly overruled on the ground that it goes to the effect to be given to the evidence rather than to its admissibility.

6. The file mark of the Clerk of the Court on the report of the grand jury sufficiently identifies it.

7. A jury's verdict of conviction, thus showing their finding of *the fact* of embezzlement, will not be set aside because of the absence of formal demand upon the embezzler for the return of the funds prior to prosecution.

8. Matters relating to continuances, delays to obtain the presence of witnesses, the alleged surprise of the applicant for the delay, etc., are in the just discretion of the trial judge, and this court must be satisfied that there has been an abuse of such discretion before it is warranted in interfering.

APPEAL from Fifth Judicial District, Parish of Winn—
*Machen, J.*

*Walter Guion,* Attorney General, and *A. B. Hundley,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*J. T. Wallace, J. H. Mathews, Earl E. Kidd, W. M. Wallace* and *Hunter & Hunter,* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J.   The accused was treasurer of the Parish of Winn. As such he was custodian of the parochial funds and those pertaining to the School Board of the parish.

He was indicted for embezzlement and larceny of the funds of the School Board, tried by jury, convicted of embezzlement and sentenced to pay a fine equal to the amount embezzled ($2,996.01) and to be confined at hard labor in the penitentiary for five years.

He appeals.

Fifteen bills of exception attest the zeal and stubbornness with which his counsel defended him.

Six only of these, however, are pressed upon our attention.   Following the example of counsel, the court will confine its examination of the case to the issues raised by these six bills.

The first of these is numbered six in the record and is leveled at the ruling of the trial court permitting one Smith, a witness for the State, to testify as to the result of his examination of the Treasurer's books.

The objection made to Smith's testimony was that it was not shown the witness was an expert book-keeper, and that the books themselves were the best evidence of the facts sought to be elicited.

The judge, in his reasons for overruling the objection, states the witness testified he had been engaged in book-keeping since 1885, a part of the time in mercantile houses doing a large credit business, and that when he made the examination of the books he was one of a committee appointed by the grand jury, of which body he was a member, for the purpose.   The judge thought the witness' long experience as a book-keeper qualified him sufficiently as an expert to warrant his evidence being heard as to what the books disclosed.

There is nothing to show that he was mistaken as to this, and his ruling is sustained.

Wharton Criminal Evidence, 9th Ed., p. 339, §§ 406, 408.

The other part of the objection, that the books themselves were the best evidence of the facts sought to be elicited from the witness, the

judge gives as a reason for overruling it that the books did not show the result of the examination of the committee appointed by the grand jury. This, doubtless, meant that the books themselves, unexplained, showed nothing to the court and jury.

It is not understood that the object in calling the witness Smith to the stand was to show the contents of the books, but that its object was to show the witness had examined the books and what the result of his examination was. Whether the books had then been produced and offered in evidence, the bill of exceptions does not disclose.

The objection that "the books, themselves, are the best evidence" does not convey the information that they had not been offered, for even if they had, prior to the examination of the witness, been tendered and received in evidence, yet might the objection be made (however untenable) that the books were the best evidence and the matter of their contents, what they showed or did not show, could not be gone into by parol.

But this witness was called as an expert, who, under authority of the grand jury and of the judge in his charge to that body, had already examined the books, and it was competent for him to give testimony as to the result of that examination.

"Expert accountants may be permitted to give in evidence the result of their examination of the books, accounts, etc., kept by the alleged embezzler in connection with the trust which he is claimed to have violated, when such books, accounts, etc., are too voluminous to permit of an examination of them in court."

Am. and Eng. Ency of Law, 2nd Ed., Vol. 10, *verbo* "Embezzlement," p. 1034; State vs. Findley, 101 Mo. 217; State vs. Reinhart, 26 Oregon, 466; Wharton Crim. Ev., 9th Ed., Section 166; Underhill on Crim. Ev., p. 56, par. 45.

In Hollingsworth vs. State, 111 Ind. 289, the Supreme Court of that State held that experts, who make an examination of voluminous books, records, papers and files of the County Treasurer's office, may be allowed to testify to such facts shown by the books and records as will establish the amount of the defalcation. See also Underhill on Crim. Ev., p. 351, par. 291.

The fact that the witness Smith had been a grand juror and had participated in the finding of the indictment, did not disqualify him from testifying on the trial of the indictment. His testimony at the trial, of what was the result of his examination of the books, is to be

considered in no wise a disclosure of the secrets of the grand jury-room.

Bill of exceptions No. 7 is the next one insisted on, and it is leveled at the ruling of the judge in permitting the witness Crawford, called by the State, to testify as to the amount of public funds he had delivered into the hands of the accused as Parish Treasurer.

Objection was made that the receipts signed by the accused were the best evidence, and, second, that the indictment did not allege the accused received any money from Crawford.

In his statement the judge says Crawford was sheriff of the parish when he delivered the funds to Mathis, and had stated on the stand he rarely took a receipt when he paid moneys over to the Treasurer; but that, to be on the safe side, he (the judge) permitted the witness to leave the stand and make search for receipts. This he did, and returning to the stand in the afternoon testified he had made diligent search and had found no receipts; that if any had been taken they were lost or destroyed. That, thereupon, he was permitted to give testimony as to the amount of money he had paid over to Mathis.

There was no error here.

As to the second objection embodied in this bill, the judge correctly held it was not necessary to allege in the indictment from whom the money was received; that if the accused, as treasurer, received public funds from any source, and failed to account for the same on demand, he was guilty of embezzlement.

Bill No. 9 next engages our attention. Its complaint is that the witness Long, sworn on behalf of the State, was permitted to testify that the accused, about one year prior to the alleged embezzlement, had said to the witness he (the accused) was "short in school funds." Objection was made that things and facts happening, and statements made, at a period so remotely anterior to the finding of the indictment were irrevelent. The judge ruled, in substance, that the objection went to the effect of the evidence rather than to its admissibility, and that the question of time in its bearing upon the charge of embezzlement was one for the jury.

He did not err.

We come next to Bill No. 10. Its complaint is that the State offered in evidence what purported to be the report of the grand jury, and at that same time offered what purported to be a statement of the Parish Treasurer to the grand jury, both of which were received over the

objection of the accused. This objection—and the only one—was that neither of the documents offered had been identified.

The judge ruled that the report of the grand jury bore the file mark of the clerk of the court, thus showing it to be a part of the court records in the custody of the clerk, and that this was sufficient identification.

He states, further, that so far as the statement of the accused as Parish Treasurer is concerned, his signature was proven before it was received in evidence.

We find no error here.

This brings us to Bill No. 14. Its grievance is that after the court had charged the jury counsel for defendant requested a special charge to the effect that a demand for the school funds must be made of the Parish Treasurer by the School Board, or some other person authorized by said Board to make it, before the Treasurer could be found guilty of embezzlement.

The judge refused this, assigning as reason therefor that his general charge covered the matter of the special charge asked for.

The language of the general charge on this point was: "If you fail to find beyond a reasonable doubt * * * that the defendant, as Parish Treasurer, received some money (the particular amount not necessary) belonging to the School Board, * * * as alleged in the indictment, and that he failed to pay it over on demand, * * * it is your duty to acquit him." And he further charged, in this connection, that the demand must be made by a person having a legal right to make it.

We think this was a sufficient instruction to the jury, and that the declination of the judge to give it again in the way of a special charge was not reversible error.

Indeed, we might go further and hold that no formal demand upon a Parish Treasurer for the return of school funds in his hands need be shown as a condition precedent to his being prosecuted for embezzlement where *the fact* of embezzlement is sufficiently shown.

Hollingsworth vs. State, 111 Ind. 296; State vs. Mason, 108 Ind. 48-52; R. S. Sec. 903; State vs. Eames, 39 La. Ann. 987.

The last contention of defendant is found embodied in Bill No. 15.

It seems that after the case had been closed, but before argument had, the prosecution moved to reopen it in order to recall the witness Warner to the stand. This was objected to, but the objection was overruled.

Whereupon Warner took the stand and testified to seeing the defendant with a large sum of money and that he had confessed to him he was short in his accounts and was a defaulter.

Thereupon the accused, alleging surprise, moved in writing for a subpoena for one Dr. Bonnette, who lived in the adjoining parish, and for time to have him brought to the court to testify in denial of the statements of the witness Warner.

The judge refused this, giving as reason therefor that the accused was not taken by surprise; that Dr. Bonnette was a cousin of his (the accused) and the latter had fled to his house and was found and arrested there by the officers of the law, to whom the confession of guilt was made; that the witness Bonnette lived about fifty miles from the court house; that the application for his subpoena was made on Tuesday and the jury had then already been shut up since the Friday before, and to have granted the application would have delayed the case two days longer; and, finally, that there were other witnesses then in the courtroom who were present at the time referred to, and who could have been called to the stand by defendant had he chosen to do so. Concluding, the judge says he considered the application was made only for delay and that no injustice was done the accused.

The bill in question is leveled at the refusal to allow the delay to obtain the presence of Bonnette.

While this is considered the most serious of the many objections urged against the legal sufficiency of this trial; we have not found our way to the conclusion that a case is made out warranting the reversal of the verdict and sentence. Much in matters relating to continuances, delays to obtain the presence of witnesses, the alleged surprise of the applicant for the delay, etc., must necessarily be left to the just discretion of the trial court. We are far from being satisfied he has abused this discretion in the instant case.

Judgment affirmed.