(81 South. 877)

No. 23268.

CITY OF LAKE CHARLES v. CARLSON et al.

(May 5, 1919.)

*(Syllabus by Editorial Staff.)*

1. MUNICIPAL CORPORATIONS ⬥173(5)—OFFICERS—ACTION ON BOND—PLEADING—SUFFICIENCY.

In an action by a city on a surety bond covering loss sustained by "fraud or dishonesty committed by the employé personally during the period" of the bond, a petition, alleging that the principal at the expiration of his office as tax collector was indebted to the city, that his accounts showed a shortage, that a settlement had been refused, and that such indebtedness had been incurred while in the discharge of his duties, was sufficient to charge fraud or dishonesty committed by the principal during the term of his office as tax collector.

2. MUNICIPAL CORPORATIONS ⬥145 — OFFICIAL BONDS—FORM AND CONSTRUCTION.

Where a bond was given by surety for the commissioner of finance of a municipality, and so stated on its face, such bond will be construed as complying with Rev. St. § 903, notwithstanding that it did not contain a stipulation for the faithful performance of the principal's duties.

O'Niell, J., dissenting.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Jerry Cline, Judge.

Suit by the City of Lake Charles against Albert W. Carlson and others. From an adverse judgment, plaintiff appeals. Reversed and remanded, with directions.

James A. Williams, City Atty., of Lake Charles, for appellant.

A. P. Pujo, of Lake Charles, and C. R. Liskow, of Lake Charles, for appellees.

SOMMERVILLE, J. The petition of the city of Lake Charles alleges that Albert W. Carlson and the Royal Indemnity Company, as surety, are indebted to it in the sum of $3,522.21; that Carlson was commissioner of finance and ex officio tax collector of the city, it being his duty to collect taxes, and other revenues of the city, and to make disbursements of all funds authorized by law, in accordance with the charter of the city; that he gave a bond in the sum of $5,000, signed by the Royal Indemnity Company, for the faithful performance of the duties of his office, which bond was annexed to and made part of the petition, and to secure any indebtedness Carlson might owe to said city in a final settlement as commissioner of finance; that Carlson is indebted to the city in the amount already stated; a demand had been made upon him and his surety without avail; that the indebtedness of Carlson to the city occurred and arose during the term covered by his official bond, and while in the discharge of his duties as commissioner of finance and ex officio tax collector of the said city.

The bond attached to and made part of the petition is not, in form, the statutory bond required of all public officers, although, in the bond it is stated that Carlson had been appointed to the position of commissioner

of finance in the service of the city of Lake Charles, and that he was required to furnish bond. It does not contain the guaranty that Carlson will faithfully perform the duties of his office, but the following provision is inserted therein:

That the surety company "will make good to the employer such pecuniary loss of the employer's money, funds or other personal property, not exceeding $5,000.00 as shall be sustained by the employer by any acts of fraud or dishonesty committed by the employé personally during the period" of the bond.

To the petition of plaintiff the surety company filed an exception of no cause of action, based on that provision of the bond which provides that it, the company, shall be liable only for "any act or acts of fraud or dishonesty committed by the employé personally," and that the plaintiff's petition does not charge the indebtedness to the city to have grown out of "fraud or dishonesty committed by Carlson personally."

The exception was sustained, and the suit was dismissed as to the surety company. The plaintiff has appealed.

The contention of the exceptor is:

"That the bond is clear and unambiguous and was limited by its provisions for liability for personal dishonesty or fraud," and that personal dishonesty or fraud are not charged in the petition.

Counsel argue that the word "shortage" used in the petition might cover funds which had been deposited in a bank where the bank had failed, or that the shortage might have been occasioned through the dishonesty of some assistant in the office.

[1] We think that the allegations of the petition, recited above, showing that Carlson, at the expiration of his term of office as tax collector, was found to be indebted to the city; that his accounts showed a shortage of $3,522.21; that he was indebted to the city in that amount; that a demand for settlement had been made upon him, and had been refused; and that said indebtedness had been incurred by Carlson while in the discharge of his duties as commissioner of finance and ex officio tax collector of the city —constitute and embrace a charge of fraud or dishonesty committed by Carlson personally during the term of his office as tax collector. There is no allegation intimating that a third person was responsible for this loss, or indebtedness, in whole or in part. The allegation is that he, Carlson, the tax collector, at the expiration of his term of office, had failed to account for and turn over the sum of $3,522.21.

This view, or conclusion, is forced upon us by reading section 903 of the Revised Statutes, which provides that:

"Any officer of this state, or any other person who shall convert, * * * or use in any other manner than as directed by law, any portion of public money which he is authorized to collect, or which may be intrusted to safe-keeping or disbursement, or for any other purpose, shall be guilty of an embezzlement of the same.

"The neglect or refusal to pay over, on demand, any public money in his hands, in the manner required by law, shall be prima facie evidence of its conversion and embezzlement," etc.

The petition charges that Carlson neglected and refused to pay over on demand public money which he had collected in the shape of taxes and licenses, and that is a charge of embezzlement against him, which, in turn, is an act of fraud or dishonesty, and such act is covered by the terms of the bond.

In the case of State v. Mathis, 106 La. 263, 30 South. 834, where Mathis had been charged with embezzling the public funds, this court held that it was only necessary that the indictment should charge that Mathis "had failed to account for the same on demand" (money which he had received). Mathis was found guilty of embezzlement.

[2] The bond was an official one, so stated on the face thereof, having been given as surety for the commissioner of finance of the city of Lake Charles. It should have contained the stipulation that it was given for

the faithful performance of his duties, Carlson's, in the office to which he had been appointed. The surety company was the surety of an officer of the government, and the bond must be read in the light of the law under which it was required and received.

"Under the well-settled doctrine that where a bond is given under the authority of the law, whatever is included in the bond, and which is not required by the law, must be read out of it, and whatever is not expressed and ought to have been incorporated must be read as if inserted into it." Macready v. Schenck, 41 La. Ann. 456, 6 South. 517. It follows that the bond must be read as if it contained the provision that it was given for the faithful discharge of his official duties by Carlson, and that his alleged neglect or refusal to pay over on demand the amount of money which was in his hands, or should have been there, is a charge of conversion or embezzlement by him personally. The exception should have been overruled.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and this suit is remanded to be proceeded with in accordance with law; costs of appeal to be paid by the surety company, exceptor.

MONROE, C. J., not having heard the argument, takes no part.

See dissenting opinion of O'NIELL, J., 81 South. 878.