STATE EX REL. THE INDIANA DISTRICT OF THE UNITED PENTECOSTAL CHURCH, INC. v. MADISON COUNTY SUPERIOR COURT, No. 2.

[No. 368S48. Filed April 17, 1968. Rehearing denied May 31, 1968.]

*Sherwood Blue,* of Indianapolis, for relator.

*William J. Norton,* of Anderson, for respondents.

PER CURIAM.—This is an original action commenced by the filing of a verified petition for a writ of mandate and prohibition by the relator against the respondent court from exercising jurisdiction because of the alleged defective service of summons.

On June 26, 1967, R. C. Coryn, d/b/a Utility Equipment Company, filed in the office of the clerk of the Superior Court of Madison County, a complaint for foreclosure of mechanic's lien against the relator. Thereafter, the clerk of the Superior Court of said county issued a summons in the said cause to the relator with service on H. C. Shearer, Resident Agent, 302 West Center Street, Bourbon, Indiana, Marshall County, Plymouth, Indiana. A return was made on said summons signed by "Harvey E. Phillips, Sheriff."

As to the commencement of action, the pertinent section is Chapter 8, §§ 2-801 through 2-806 of Burns' Ind. Stat. Anno. (1967 Repl.).

Burns' § 2-802 provides that a civil action shall be commenced by filing in the office of the clerk a complaint and causing a summons to issue thereon; that the summons shall be issued by the clerk, under the seal of the court and directed to the sheriff.

Burns' § 2-803 provides that the summons shall be served either personally on the defendant, or by leaving a copy thereof at his usual or last place of residence.

Burns' § 2-804 provides for service of process against a corporation. The pertinent part thereof is set forth herein in Burns' § 2-804.

. . . .

"(b)   Process against any domestic corporation shall be served upon any one [1] of the following persons or officers of the corporation: The president, vice-president, chairman

of the board of directors or trustees, cashier, secretary, treasurer, director, or its resident agent named in its articles of incorporation, and if none of such persons be found in the county where suit is pending, process may be sent for service to any other county in the state where such person may be found;"

. . . .

Under this section the plaintiff has the option of selecting any of the officers or the resident agent upon whom service of process may be made in the event none of the listed individuals as set forth in Burns' § 2-804 be found in the county where the suit is pending. In such an event, service may be made in any other county in the state where such person may be found. In the case before the court, the *resident agent* was selected and served.

The record in this matter indicates that the clerk mailed the summons to the sheriff of Marshall County and the return shows that it was signed by Harvey E. Phillips, Sheriff; Vol. I Wiltrout's Indiana Practice, § 332, p. 371, wherein it is stated:

"Where a summons is to be served by the sheriff of a county other than that in which the case is filed, the usual practice is for the clerk to mail the summons to the sheriff."

The said summons was designated to be served on the resident agent of the said corporation. It is the responsibility of the plaintiff to cause a summons to be issued. It has long been the law of the state that this may be done in any manner which results in the issuance of the summons whether it be oral or written directions. *Axtell* v. *Workman* (1897), 17 Ind. App. 152, 46 N. E. 472.

Burns' § 2-804 subdivision (b) has been commented upon by this court in *Second Real Estate Investments, Inc.* v. *Johann* (1953), 232 Ind. 24, 111 N. E. 2d 467. The court held that this section, pertaining to the manner of serving process

upon domestic corporations, is remedial in its purpose and should be liberally construed.

Burns' § 2-806 reads as follows:

"No summons, or the service thereof, shall be set aside, or be adjudged insufficient, where there is sufficient substance about either to inform the party on whom it may be served, that there is an action instituted against him in court, the name of the plaintiff and the court, and the time when he is required to appear."

The record indicates that the relator received such notice.

Relator's petition is denied.

Hunter, J., not participating.

NOTE.—Reported in 235 N. E. 2d 686.